EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| César J. Almodóvar Marchany, Secretario del Trabajo y Recursos Humanos de Puerto Rico, en representación y para beneficio de José Alicea Sánchez <br><br> Peticionario <br><br> v. <br><br> Puig & Abraham, Inc. h/n/c La Bombonera <br><br> Recurrida | Certiorari <br><br> 2002 TSPR 150 <br><br> 158 DPR ____ |

Número del Caso: CC-2000-773

Fecha: 11 de diciembre de 2002

Tribunal de Circuito de Apelaciones:
                    Circuito Regional II

Panel integrado por su Presidente, el Juez Gierbolini, la Jue
Hernández Torres y el Juez Cordero

Abogado de la Parte Peticionaria:
                    Lcdo. Andrés Espinosa Ramón

Abogado de la Parte Recurrida:
                              Lcdo. Jesús A. Caro Lugo

Materia: Reclamación de Despido Injustificado

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

CC-2000-773

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

César J. Almodóvar Marchany,
Secretario del Trabajo y
Recursos Humanos de Puerto
Rico, en representación y
para beneficio de José
Alicea Sánchez

      Peticionario

                            CC-2000-773     Certi

          v.

Puig & Abraham, Inc. h/n/c
La Bombonera

      Recurrida

PER CURIAM

San Juan, Puerto Rico, a 11 de diciembre de 2002.

**Mediante el presente recurso, el Secretario del Departamento del Trabajo y Recursos Humanos (en adelante el Secretario del Trabajo), en representación del señor José Alicea Sánchez, acude ante esta Curia solicitando la revocación de la sentencia emitida por el Tribunal de Circuito de Apelaciones el 28 de abril de 2000. Dicho foro confirmó la sentencia dictada por el Tribunal de Primera Instancia declarando sin lugar la querella por despido injustificado presentada por el Secretario del Trabajo, en representación del señor Alicea Sánchez. El Tribunal de Circuito de Apelaciones concluyó que el Secretario del Trabajo no lo puso en posición de revocar la determinación**

del foro de primera instancia, ya que no produjo la exposición narrativa de la prueba.[1]

Nos corresponde resolver si es suficiente como exposición estipulada de la prueba testifical, un proyecto de exposición narrativa presentado oportunamente ante el Tribunal de Circuito de Apelaciones por la parte apelante, aceptado por la parte apelada.

I

El señor José Alicea Sánchez trabajó bajo contrato sin tiempo determinado, desde el 5 de enero de 1988, como repostero para Puig & Abraham Inc., negocio conocido como La Bombonera. El 30 de diciembre de 1995, mientras el señor Alicea Sánchez elaboraba productos de repostería con su hermano y otro empleado en el segundo piso del negocio, alegadamente fueron víctimas de un intento de robo, siendo amenazados por varias horas con armas de fuego y restringidos de su libertad. Eventualmente, agentes de la Policía de Puerto Rico intervinieron y, al no hallar a los supuestos asaltantes, condujeron al señor Alicea y los otros empleados al Cuartel de la Policía para fines investigativos. Estuvieron detenidos hasta las 9:00 de la noche del próximo día. Uno de los empleados del negocio La Bombonera resultó acusado.[2]

---

[1] Apéndice XVI del recurso de _Certiorari_, pág. 75. A pesar de que en la sentencia emitida por el Tribunal de Circuito de Apelaciones se utilizó la frase "transcripción de la prueba oral", se desprende claramente de los documentos que obran en autos y de las órdenes emitidas por dicho foro que se refería a la exposición narrativa de la prueba.

El 1 de enero de 1996, el señor Alicea Sánchez llamó al establecimiento comercial conocido como La Bombonera y habló con el administrador del negocio, señor Víctor Maeztu, para recibir instrucciones relacionadas a su reintegración al trabajo.  El señor Maeztu le indicó: "no los quiero ver más por ahí, no se presentar[á]n más".[3]

Así las cosas, el 6 de enero de 1996, el señor Alicea Sánchez acudió al establecimiento para cobrar los salarios correspondientes a la última semana de diciembre de 1995. Solicitó, además, al señor Maeztu una carta que indicara la razón del despido, de manera que se le facilitaran las gestiones para obtener los servicios de desempleo y del Programa de Asistencia Nutricional, con el fin de proveerle el sustento a su esposa e hijos.  El señor Maeztu se negó a darle la carta.

El 17 de julio de 1997, el entonces Secretario del Trabajo, honorable César J. Almodóvar Marchany, en representación del señor Alicea Sánchez, presentó querella ante el Tribunal de Primera Instancia por despido injustificado contra el establecimiento comercial La Bombonera.  Alegó, que el señor Alicea Sánchez fue despedido sin justa causa y reclamó se le indemnizara, a tenor con la Ley Núm. 80 del 30 de mayo de 1976, según enmendada.[4]

---

[2] Relación de hechos según relatada en la sentencia dictada por el Tribunal de Primera Instancia. Véase, Apéndice V del recurso de _Certiorari_, pág. 12.

[3] Apéndice V del recurso de _Certiorari_, pág. 13.  Relación de hechos según relatados en la Sentencia emitida por el Tribunal de Primera Instancia.

[4] 29 L.P.R.A. secs. 185a-185i.  Véase, Apéndice I del recurso de _Certiorari_, págs. 1-2.

La Bombonera contestó la querella y adujo que el señor Alicea Sánchez no había sido despedido injustificadamente, ya que éste abandonó su trabajo. Alegó no adeudarle suma alguna.[5]

Luego de varios incidentes procesales, el 4 de agosto de 1998, el Tribunal de Primera Instancia celebró juicio. El 28 de octubre de ese año, dicho foro emitió sentencia, notificada a las partes el 13 de enero de 1999, declarando sin lugar la querella presentada por el Secretario del Trabajo. Concluyó que el señor Alicea Sánchez había abandonado su trabajo. Además, contradictoriamente determinó que el despido había sido motivado por la falta de confianza de la gerencia del negocio La Bombonera hacia el señor Alicea Sánchez, razón por la cual medió justa causa para su despido.[6]

Insatisfecho con dicha determinación, el Secretario del Trabajo acudió ante el Tribunal de Circuito de Apelaciones mediante recurso de apelación y solicitó la revocación de la sentencia emitida por el Tribunal de Primera Instancia. Señaló, en síntesis, que el foro de primera instancia erró al concluir que el señor Alicea Sánchez había abandonado su empleo. Arguyó, además, que tal determinación era contradictoria con la conclusión del Tribunal de Primera Instancia, a los efectos de que las expresiones del señor Maeztu eran inequívocamente un despido.[7]

---

[5] Íd., pág. 4.

[6] Apéndice V de la petición de Certiorari, págs. 12-15.

[7] Apéndice VI, Íd., págs. 16-42.

El 17 de febrero de 1999, el Secretario del Trabajo, parte allí apelante, presentó ante el Tribunal de Circuito de Apelaciones un proyecto de exposición narrativa de la prueba oral (en adelante el proyecto), del que le fue enviada copia al abogado de La Bombonera, parte apelada.[8]  La parte apelada objetó el proyecto y solicitó un término adicional de treinta (30) días para llegar a un acuerdo a esos fines con la parte apelante.[9]  El 10 de mayo de 1999, el Tribunal de Circuito de Apelaciones emitió resolución ordenándole a la parte apelada presentar su posición respecto a la exposición narrativa de la prueba en un término final de diez (10) días.[10]

Así las cosas, el 26 de mayo de 1999, la parte apelada presentó un escrito titulado "Moción en Cumplimiento de Orden", informando lo siguiente:

> ... estamos de acuerdo con la exposición narrativa propuesta por la parte apelante incluyendo como parte del testimonio del querellante-apelante que uno de los tres empleados que fueron sorprendidos en el negocio fue convicto de posesión de una de las arma[s] de fuego ocupada[s] [en] el negocio.[11]

Finalmente, el 30 de junio de 1999, el Tribunal de Circuito de Apelaciones emitió otra resolución ordenándole al apelante, Secretario del Trabajo, presentar ante ese foro la exposición estipulada de la prueba suscrita por los

---

[8] Apéndice VII, Íd., págs. 43-46.

[9] Apéndice VIII, Íd., págs. 47-48.

[10] Apéndice IX, Íd., págs. 49-50.

[11] Apéndice X, Íd., págs. 51-52.

abogados de las partes.[12] El 28 de abril de 2000, dicho foro intermedio apelativo confirmó la sentencia apelada, al concluir que el Secretario del Trabajo no lo había puesto en posición de revocar la determinación emitida por el Tribunal de Primera Instancia, ya que no produjo una exposición estipulada de la prueba oral.[13]

Oportunamente, el Secretario del Trabajo presentó moción de reconsideración. Adujo que el Tribunal de Circuito de Apelaciones debió considerar el proyecto de exposición narrativa de la prueba presentado por la parte apelante, y aceptado por la parte apelada como la exposición estipulada de la prueba oral, según lo establece la Regla 19 de su Reglamento.[14] El 15 de agosto de 2000, el Tribunal de Circuito de Apelaciones emitió resolución, notificada a las partes el 21 de agosto de 2000, declarando sin lugar la moción de reconsideración.[15]

Inconforme con dicho dictamen, el Secretario del Trabajo, aquí peticionario, acude ante nos señalando como único error cometido por el Tribunal de Circuito de Apelaciones lo siguiente:

> Incidió el Honorable Tribunal de Circuito de Apelaciones al confirmar la sentencia del Honorable Tribunal de Primera Instancia al determinar que el obrero querellante-Peticionario abandonó su trabajo y en la alternativa el despido fue justificado por falta de confianza.

---

[12] Apéndice XVI, Íd., pág. 71.

[13] Íd., págs. 74-75.

[14] Apéndice XVII de la petición de Certiorari, págs. 76-79.

[15] Apéndice XIX, Íd., pág. 82.

El 13 de noviembre de 2000 emitimos una resolución concediéndole a la parte recurrida un término de veinte (20) días para que mostrara causa por la cual no debíamos revocar el dictamen emitido por el foro intermedio apelativo. El 4 de diciembre del mismo año, la recurrida compareció ante nos mediante "Moción para Mostrar Causa". Con el beneficio de la comparecencia de ambas partes, procedemos a resolver según lo intimado.

## II

La aprobación de la Ley de la Judicatura de Puerto Rico de 1994, Ley Núm. 1 de 28 de julio de 1994, según enmendada,[16] introdujo cambios importantes en el sistema de administración de justicia. Uno de los cambios introducidos por dicho estatuto fue la creación del Tribunal de Circuito de Apelaciones.

La Exposición de Motivos de la referida Ley de la Judicatura de Puerto Rico de 1994, _supra_, nos devela la intención legislativa tras la creación de dicho foro intermedio apelativo. A esos efectos, dispone:

> Conceder el derecho de apelación a los ciudadanos en casos civiles y criminales, extendiéndose a todo puertorriqueño afectado adversamente por una decisión de un tribunal el derecho a que un panel apelativo de un mínimo de tres jueces revise esa decisión que había sido tomada por un solo juez.[17]

---

[16] 4 L.P.R.A. sec. 22k _et seq_.

[17] Exposición de Motivos de la Ley de la Judicatura de 1994 de 28 de julio de 1994, Leyes de Puerto Rico, págs. 2801-2802.

De conformidad con este propósito expresamos en Soc. de Gananciales v. García Robles,[18] que "la apelación impone al tribunal apelativo la obligación de atender y resolver en los méritos, de forma fundamentada, el recurso presentado". Su función se extiende a determinar si el foro de primera instancia fundamentó su decisión en una interpretación correcta del derecho positivo y si condujo los procedimientos adecuadamente.[19]

A la luz de las disposiciones de la referida Ley de la Judicatura de Puerto Rico de 1994, supra, el 13 de enero de 1995 aprobamos el Reglamento del Tribunal de Circuito de Apelaciones.[20] Según expresáramos en Hernández v. San Lorenzo Const.,[21] "[e]se reglamento tuvo el propósito de hacer viable el funcionamiento del nuevo foro apelativo, de manera acorde con los objetivos de la Ley de la Judicatura de Puerto Rico de 1994, supra, y para ello se estableció en el mismo las normas que debían regir los procedimientos ante dicho foro". Posteriormente, se enmendó la Ley de la Judicatura de 1994[22] y varias disposiciones de las Reglas de Procedimiento Civil[23] y Criminal[24] y de la Ley de Procedimiento Administrativo

---

[18] 142 D.P.R. 241, 252 (1997).

[19] Depto. de la Familia v. Shrivers Otero, 145 D.P.R. 351 (1998).

[20] 4 L.P.R.A. Ap. XXII.

[21] Res. el 20 de febrero de 2001, 2001 T.S.P.R. 18, 153 D.P.R. ___ (2001), 2001 J.T.S. 22.

[22] Leyes Núm. 247, 248, 249 y 251 aprobadas el 25 de diciembre de 1995.

[23] Reglas de Procedimiento Civil de 1979, según enmendadas, 32 L.P.R.A. Ap. III.

[24] Reglas de Procedimiento Criminal de 1963, según enmendadas, 34 L.P.R.A. Ap. II.

Uniforme.[25]  Debido a esos cambios en los referidos estatutos, el 25 de diciembre de 1995, esta Curia aprobó un nuevo Reglamento del Tribunal de Circuito de Apelaciones.[26]  De esta manera, se viabilizó el que dicho foro pueda cumplir su ministerio de atender y resolver en los méritos y de forma fundamentada los recursos de apelación presentados.

III

En cuanto al uso de los mecanismos disponibles a las partes para presentar al foro intermedio apelativo la prueba testifical que tuvo ante sí el Tribunal de Primera Instancia, al tomar la determinación cuya revisión se solicita, las Reglas de Procedimiento Civil han reconocido tres mecanismos para lograr el fin reseñado: exposición estipulada de la prueba, exposición narrativa y transcripción de evidencia. La Regla 54.2 (a) de Procedimiento Civil,[27] según enmendada, promueve principalmente el uso del mecanismo de exposición estipulada de la prueba testifical.  A esos efectos, resalta que "[l]a exposición narrativa procederá solamente en ausencia de una exposición estipulada y tras la autorización previa del Tribunal de Circuito de Apelaciones".  (Énfasis nuestro.)

---

[25] Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. sec. 2101 et seq.

[26] 4 L.P.R.A. Ap. XXII-A.

[27] 32 L.P.R.A. Ap. III, R. 54.2 (a).

En cuanto al mecanismo para la consecución de una exposición estipulada de la prueba testifical, la mencionada Regla 54.2 (c) de Procedimiento Civil[28] dispone lo siguiente:

...

> (c) Dentro de los treinta (30) días siguientes a la presentación del escrito de apelación o de la solicitud de *certiorari*, la parte apelante o peticionaria preparará y someterá al Tribunal de Circuito de Apelaciones un proyecto de exposición narrativa de la prueba oral pertinente al recurso, con una moción en la que justificará la necesidad de que el tribunal considere la prueba oral para la adecuada disposición del recurso. Notificará copia de la moción y del proyecto de exposición narrativa a la parte apelada o recurrida.
>
> Durante los veinte (20) días siguientes, las partes harán esfuerzos, mediante comunicaciones y reuniones entre ellas, para lograr una exposición estipulada, tomando como base el proyecto de exposición narrativa de la parte apelante o peticionaria.
>
> Si transcurridos dichos veinte (20) días no se produce una exposición estipulada, la parte apelada presentará dentro de los diez (10) días siguientes su oposición a la moción y al proyecto de estipulación de la parte apelante, en la cual señalará específicamente y en detalle, con referencia a la prueba presentada, sus objeciones al proyecto de la parte apelante y las razones que le impiden llegar a una exposición narrativa estipulada. De lo contrario, se podrá tomar el proyecto de la parte apelante como la exposición narrativa de la prueba oral. (Énfasis nuestro.)

**Surge de la precitada regla, que en** aquellos casos en que sea necesario presentar ante el foro intermedio apelativo un proyecto de exposición narrativa de la prueba oral desfilada ante el Tribunal de Primera Instancia, el Tribunal de Circuito de Apelaciones puede utilizar tal proyecto, aceptado por la parte apelada, como exposición estipulada de la prueba oral.

---

[28] 32 L.P.R.A. Ap. III, R. 54.2 (c).

La norma reseñada surge también con claridad de la Regla 19 del actual Reglamento del Tribunal de Circuito de Apelaciones. [29] Dicha regla, igualmente, resalta la preferencia de una exposición estipulada de la prueba a una exposición narrativa y establece que, ausente alguna objeción de la parte apelada, el proyecto de la parte apelante puede discrecionalmente utilizarse por el Tribunal de Circuito de Apelaciones como exposición narrativa de la prueba oral.[30]

---

[29] 4 L.P.R.A. Ap. XXII-A, R. 19.

[30] En lo pertinente a la controversia de autos, la Regla 19 del Reglamento del Tribunal de Circuito de Apelaciones dispone el mecanismo apropiado para la preparación de una exposición narrativa de la prueba oral presentada ante el Tribunal de Primera Instancia. Dicha Regla preceptúa:

Cuando la parte apelante haya señalado algún error relacionado con la suficiencia de la prueba testifical o con la apreciación errónea de ésta por parte del tribunal apelado, discutirá dicho error en su escrito inicial, en forma preliminar, de acuerdo con la información y el recuerdo que tenga sobre dicha prueba.

Dentro de los treinta (30) días siguientes a la presentación de la apelación, la parte apelante preparará y someterá al Tribunal de Circuito de Apelaciones un proyecto de exposición narrativa de la prueba oral pertinente al recurso, con una moción

En el caso de autos, el 17 de febrero de 1999, el Secretario del Trabajo presentó un proyecto de exposición narrativa de la prueba oral. Aunque inicialmente la parte apelada lo objetó, el 26 de mayo de 1999, presentó moción informando que estaba de acuerdo con el proyecto propuesto por el Secretario del Trabajo. Ante esos hechos y a la luz del lenguaje de las referidas Reglas 53.2 y 19, _supra_, el Secretario del Trabajo entendió correctamente que, una vez el proyecto de exposición narrativa de la prueba había sido adoptado por todas las partes, era suficiente como exposición estipulada de la prueba oral.

Concluimos que el Tribunal de Circuito de Apelaciones erró al disponer del recurso ante sí como si no existiera en

---

en la que justificará la necesidad de que el Tribunal considere la prueba oral para la adecuada disposición del recurso. Notificará copia de la moción y del proyecto de exposición narrativa a la parte apelada.

Durante los veinte (20) días siguientes, las partes harán esfuerzos, mediante comunicaciones y reuniones entre ellos, para lograr una exposición estipulada, tomando como base el proyecto de exposición narrativa de la parte apelante.

Si transcurridos dichos veinte (20) días no se produce una exposición estipulada, la parte apelada presentará su oposición a la moción y al proyecto de estipulación de la parte apelante, con referencia a la prueba presentada, sus objeciones al proyecto de la parte apelante y las razones que le impiden llegar a una exposición narrativa estipulada. De lo contrario se podrá tomar el proyecto de la parte

**su expediente una exposición estipulada de la prueba oral.**
Cuando la parte apelada acepta el proyecto de exposición de la prueba oral presentado por la parte apelante, las Reglas 53.2 y 19, <u>supra</u>, autorizan al foro intermedio apelativo a considerar el referido proyecto como exposición estipulada de la prueba oral, a los fines de cumplir su ministerio de revisar en los méritos el dictamen emitido por el Tribunal de Primera Instancia.

### IV

**Por los fundamentos antes expuestos, procede expedir el auto de <u>Certiorari</u> solicitado y revocar la sentencia recurrida, emitida por el Tribunal de Circuito de Apelaciones. En consecuencia, procede devolver el presente caso a dicho foro intermedio apelativo para que lo resuelva, atendida la exposición estipulada de la prueba que tiene ante sí.**

**Se dictará sentencia de conformidad.**

---

**apelante como exposición narrativa de la prueba testifical.**

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


César J. Almodóvar Marchany,
Secretario del Trabajo y
Recursos Humanos de Puerto
Rico, en representación y
para beneficio de José
Alicea Sánchez

     Peticionario

        v.

Puig & Abraham, Inc. h/n/c
La Bombonera

     Recurrida

CC-2000-773     Certiorari


SENTENCIA


San Juan, Puerto Rico, a 11 de diciembre de 2002.


Por los fundamentos expuestos en la Opinión <u>Per Curiam</u> que antecede, la cual se hace formar parte íntegra de la presente, se expide el auto de <u>Certiorari</u> solicitado y se revoca la sentencia recurrida, emitida por el Tribunal de Circuito de Apelaciones. En consecuencia, se devuelve el presente caso al foro intermedio apelativo para que lo resuelva, atendida la exposición estipulada de la prueba que tiene ante sí.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García y el Juez Asociado señor Fuster Berlingeri concurren, sin opinión escrita.


**Patricia Otón Olivieri**
**Secretaria del Tribunal Supremo**