HÉCTOR L. PELLOT FERRER, peticionario, *v.* AVON MIRABELLA, INC., recurrida.

*Número:* CC-2002-721          *Resuelto:* 7 de agosto de 2003

*Gabriel García Maya*, abogado del peticionario; *Carl Schuster*

y *José A. Ruiz García,* del *Bufete Schuster, Usera y Aguiló,* abogados de la recurrida.

EL JUEZ ASOCIADO SEÑOR RIVERA PÉREZ emitió la opinión del Tribunal.

Mediante el presente recurso, el señor Héctor Pellot Ferrer acude ante nos para solicitar la revocación de una sentencia que emitió el Tribunal de Circuito de Apelaciones el 30 de agosto de 2002. El foro intermedio apelativo declaró con lugar una moción de desestimación que presentó Avon Mirabella, Inc., y desestimó el recurso de apelación del señor Pellot Ferrer, porque éste omitió incluir cierta evidencia documental ofrecida y admitida por el Tribunal de Primera Instancia en el juicio, considerada como esencial por el referido foro. Veamos.

I

El Sr. Héctor L. Pellot Ferrer comenzó a trabajar para Avon Mirabella, Inc. (en adelante Avon) el 17 de marzo de 1978, por virtud de un contrato sin tiempo determinado. Específicamente, el señor Pellot Ferrer se desempeñaba como *Model Cleaner A* en la planta de Avon ubicada en Aguadilla. A finales de febrero de 1998, el señor Pellot Ferrer se tuvo que acoger a los beneficios de una licencia por enfermedad, ya que había sufrido una lesión. Mientras disfrutaba de la referida licencia, escuchó rumores de que las operaciones de Avon, excepto el departamento de plata o *Lost Wax,* serían trasladadas de Avon Mirabella en Aguadilla a Avon Lomalinda en San Sebastián. A raíz de escuchar tales rumores, el señor Pellot Ferrer se comunicó con la Sra. Luz Muñoz, facilitadora de Recursos Humanos de Avon, con el propósito de inquirir sobre la posibilidad de permanecer en la planta de Avon en Aguadilla, hasta tanto las operaciones del departamento de plata se trasladaran a San Sebastián. A esos efectos, el señor Pellot Ferrer le señaló a la Sra. Luz Muñoz que su solicitud se debía a que él

residía cerca de la planta de Avon en Aguadilla junto con su madre, la cual necesitaba de su atención. Ante la negativa de Avon de concederle su petición de permanecer en la planta de Aguadilla, el señor Pellot Ferrer presentó su renuncia el 16 de marzo de 1998.

El 16 de diciembre de 1998, el señor Pellot Ferrer presentó una querella, al amparo de la Ley Núm. 2 de 17 de octubre de 1961,[1] contra Avon. Alegó que la referida compañía lo había despedido constructivamente al verse obligado a renunciar por razón de no concedérsele su solicitud de permanecer trabajando en Aguadilla, donde podía cuidar de su madre. Argumentó que lo cesantearon de su empleo injustificadamente, a tenor con lo dispuesto en la Ley Núm. 80 de 30 de mayo de 1976.[2] Adujo, además, que la querellada, Avon, violó la Ley Federal de Licencia Familiar (*Family and Medical Leave Act*)[3] al no informarle que él tenía derecho a disfrutar de una licencia para cuidar a su madre enferma, antes de presentar su renuncia.[4]

Luego de varios incidentes procesales, la parte querellada presentó su contestación a la querella y alegó como defensa afirmativa que al señor Pellot Ferrer no lo despidieron constructivamente de su empleo, sino que renunció voluntariamente. Señaló, además, que al querellante se le orientó en cuanto a sus derechos bajo la Ley Federal de Licencia Familiar antes de que renunciara.[5]

Posteriormente, el 4 de marzo de 2002, el Tribunal de Primera Instancia celebró juicio. El 11 de junio de 2002, ese foro emitió una sentencia —archivada en autos copia de su notificación el 18 de junio de 2002— en la cual se declaró sin lugar la querella presentada. Concluyó que de la prueba se deducía que el 13 de agosto de 1997 el quere-

---

[1] 32 L.P.R.A. secs. 3118–3132.

[2] 29 L.P.R.A. sec. 185a *et seq.*

[3] 29 U.S.C.A. sec. 2601 *et seq.*

[4] Apéndice I de la Petición de *certiorari*, págs. 23–25.

[5] Apéndice VII de la Petición de *certiorari*, págs. 70–72.

llante recibió copia del Manual para Licencia Médico Familiar donde se detallaba la política de Avon para hacer valer las disposiciones de la Ley Federal de Licencia Familiar. Determinó, además, que la prueba demostró que en numerosas ocasiones, previo a la renuncia del señor Pellot Ferrer, empleados del Departamento de Recursos Humanos de Avon, incluso la Sra. Luz Muñoz, le habían orientado sobre sus derechos bajo el referido estatuto. Específicamente, concluyó que al querellante se le informó, previo a su renuncia y hasta el mismo día en que ésta se presentó, sobre el modo en que se podía acoger a una licencia bajo la citada ley.[6] Por ello, concluyó lo siguiente:

> Es por tanto la conclusión de este Tribunal que el querellante en el caso de epígrafe fue debidamente informado y orientado de sus derechos al amparo de FMLA; que éste no cumplió con los requisitos establecidos en el Manual adoptado por la querellada; y que su renuncia el 16 de marzo de 1998 por [sic] informada y voluntaria.

Insatisfecho con la referida determinación, el señor Pellot Ferrer presentó un recurso de apelación el 17 de julio de 2002 ante el Tribunal de Circuito de Apelaciones, en el cual alegó, esencialmente, que el foro sentenciador erró al determinar que él recibió orientación, previo a su renuncia, sobre la posibilidad de acogerse a una licencia médico-familiar.[7]

El 9 de agosto de 2002, Avon presentó un escrito titulado "Moción en solicitud de desestimación de recurso de apelación por falta de jurisdicción", en el que señaló que el apelante omitió incluir en el apéndice del escrito de apelación un sinnúmero de piezas de evidencia documental que apreciaba como esenciales.[8] A esos efectos, especificó que

---

[6] Apéndice XVIII de la Petición de *certiorari*, págs. 140–151.

[7] Apéndice I de la Petición de *certiorari*, págs. 1–151. Además, alegó que el foro de primera instancia erró al no anotar la rebeldía de la parte querellada, pues ésta presentó su contestación tardíamente, más de un año después de haber sido emplazada.

[8] Apéndice II de la Petición de *certiorari*, págs. 152–164.

se habían omitido los siguientes documentos: (1) "Job Description" de Avon Mirabella, Inc. (identificado en la Sentencia apelada como *Exhibit* 1); (2) interrogatorios (identificados en la Sentencia apelada como *Exhibit* 2); (3) las Reglas de Conducta de Avon Mirabella, Inc. (identificado en la Sentencia apelada como *Exhibit* 3); (4) "Absence Transmittal Form" (identificado en la Sentencia apelada como *Exhibit* 4A); (5) "Absence Transmittal Form" (identificado en la Sentencia apelada como *Exhibit* 4B); (6) excusa médica de 28 de febrero de 1998 (identificada en la Sentencia apelada como *Exhibit* 5A); (7) excusa médica de 25 de febrero de 1998 (identificada en la Sentencia apelada como *Exhibit* 5B); (8) excusa médica de 9 de marzo de 1998 (identificada en la Sentencia apelada como *Exhibit* 5C); (9) comunicación dirigida a la Sra. Luz Muñoz de 16 de marzo de 1998 (identificada en la Sentencia apelada como *Exhibit* 6); (10) recibo de "Manual para Licencia Médico Familiar Revisada el 31 de julio de 1997" de 13 de agosto de 1997 (identificado en la Sentencia apelada como *Exhibit* 1 de la parte querellada); (11) recibo "Manual para Licencia Médico Familiar" de 17 de agosto de 1995 (identificado en la Sentencia apelada como *Exhibit* 2 de la parte querellada); (12) "Entrevista Final con Asociado" (identificado en la Sentencia apelada como *Exhibit* 3 de la parte querellada); (13) memo de 16 de marzo de 1998 (identificado en la Sentencia apelada como *Exhibit* 4 de la parte querellada); (14) "Manual para Licencia Médico Familiar" (identificado en la Sentencia como *Exhibit* 5 de la parte querellada); (15) memorándum de 16 de marzo de 1998 (identificado en la Sentencia apelada como *Exhibit* 6 de la parte querellada); (16) carta dirigida al señor Héctor L. Pellot Ferrer de 16 de marzo de 1998 (identificada en la Sentencia apelada como *Exhibit* 7 de la querellada).

Posteriormente, el foro intermedio apelativo emitió una resolución para concederle a la parte apelante un término de diez días para exponer su posición en cuanto a la solici-

tud de desestimación que presentó la parte apelada. La parte apelante presentó su escrito en oposición a la desestimación el 21 de agosto de 2002. Adujo que la omisión de la prueba documental admitida en el juicio no debía tener la "drástica consecuencia" de desestimar un recurso. Señaló que no sometió con su apéndice los documentos reseñados por considerar que no son los escritos o documentos esenciales que enumera la Regla 16(D)(1) del Reglamento del Tribunal de Circuito de Apelaciones,(⁹) que se deben acompañar con el recurso de apelación. A su entender, los documentos omitidos eran prueba admitida sujeta a presentarse junto con la exposición narrativa de la prueba oral, requerida por la Regla 19 del Reglamento aludido,(¹⁰) o mediante la solicitud de que se eleven los autos originales para conformar el legajo de apelación, según lo requiere la Regla 70 del citado Reglamento.(¹¹) Por ello, acompañó a su moción en oposición a la desestimación la exposición narrativa de la prueba oral y la prueba documental presentada y admitida en el Tribunal de Primera Instancia.

El Tribunal de Circuito de Apelaciones emitió una sentencia el 30 de agosto de 2002 —notificada y archivada una copia en los autos el 5 de septiembre de 2002— en la que se declaró con lugar la solicitud de desestimación que presentó Avon. Concluyó que a la fecha en que el apelante sometió los documentos "esenciales" —20 de agosto de 2002— ya había transcurrido el plazo estatutario de treinta días para perfeccionar el escrito de apelación.

Inconforme, el señor Pellot Ferrer acude ante esta Curia para señalar que el foro intermedio apelativo cometió los errores siguientes:

*Primer Error*:
Erró el Ilustre Foro Apelativo al desestimar la apelación presentada, ya que los documentos que se consideraron omiti-

_____

(⁹) 4 L.P.R.A. Ap. XXII–A.
(¹⁰) 4 L.P.R.A. Ap. XXII–A.
(¹¹) 4 L.P.R.A. Ap. XXII–A.

dos en el Apéndice, la prueba documental, no son los que deben incluirse mandatoriamente con el escrito inicial, sino que pertenecen a la etapa posterior del perfeccionamiento del recurso, que pueden someterse junto con la exposición narrativa de la prueba oral para la consideración del recurso de apelación en sus méritos.

*Segundo Error*:

Erró el Ilustre Foro Apelativo al desestimar la apelación presentada sin considerar la naturaleza especial de la reclamación que lo obliga a ser liberal y flexible al considerar un recurso de un obrero contra su patrono a tenor con el Procedimiento Sumario de Reclamaciones Laborales.

El 1ro de noviembre de 2002 expedimos el auto de *certiorari* solicitado. La parte recurrida presentó su alegato el 21 de enero de 2003. El 14 de febrero de 2003 emitimos una resolución para concederle el término reglamentario a la parte peticionaria para presentar su alegato. Además, concedimos un término de treinta días a la parte aquí recurrida para presentar un alegato suplementario. Ambas partes han comparecido, por lo que procedemos a resolver.

## II

■   Reiteradamente hemos expresado que los abogados y abogadas tienen el deber de cumplir con la mayor rigurosidad el trámite prescrito en las leyes y en los reglamentos aplicables al perfeccionamiento de los recursos que se presentan ante este Tribunal.([12]) Deben demostrar celo, cuidado y diligencia en la tramitación de todos los asuntos judiciales.([13]) Por ello, no dejamos al arbitrio de ellos decidir qué disposiciones reglamentarias deben acatarse y cuándo. Exigiremos celosamente su cumplimiento.([14]) Así,

---

([12]) *Arriaga v. F.S.E.*, 145 D.P.R. 122, 129–130 (1998); *Cárdenas Maxán v. Rodríguez*, 119 D.P.R. 642 (1987); *In re Reglamento del Tribunal Supremo*, 116 D.P.R. 670 (1985); *Mfrs. H. Leasing v. Carib. Tubular Corp.*, 115 D.P.R. 428 (1984); *Matos v. Metropolitan Marble Corp.*, 104 D.P.R. 122 (1975).

([13]) *In re Vélez Valentín*, 124 D.P.R. 403, 409 (1989); *Colón Prieto v. Géigel*, 115 D.P.R. 232, 240 (1984); *In re Rodríguez Torres*, 104 D.P.R. 758, 765 (1976).

([14]) *Matos v. Metropolitan Marble Corp.*, supra, pág. 125.

pues, en *Arriaga v. F.S.E.*, 145 D.P.R. 122, 130 (1998), expresamos que esa *"conocida norma debe ser extensiva también al Reglamento del Tribunal de Circuito de Apelaciones"*. (Énfasis suplido.) En *Codesi, Inc. v. Mun. de Canóvanas*, 150 D.P.R. 586, 589 (2000), señalamos:

> En su dimensión procesal, el principio rector de la *igual protección de las leyes*, nos obliga a usar dos (2) varas iguales para medir y adjudicar recursos ante el Tribunal de Circuito de Apelaciones y este Foro; esto es interpretar y aplicar rectamente *las mismas normas reglamentarias* que requieren determinados documentos, imprescindibles en los apéndices, demostrativos de la jurisdicción apelativa y los méritos del recurso. (Énfasis en el original.)

La aprobación de la Ley de la Judicatura de Puerto Rico de 1994, Ley Núm. 1 de 28 de julio de 1994, según enmendada,[15] introdujo cambios importantes en nuestro sistema de administración de justicia. Uno de estos fue la creación del Tribunal de Circuito de Apelaciones.[16] La intención legislativa tras la creación del foro intermedio apelativo fue la siguiente:

> ... Conceder el derecho de apelación a los ciudadanos en casos civiles y criminales, extendiéndose a todo puertorriqueño afectado adversamente por una decisión de un tribunal el derecho a que un panel apelativo de un mínimo de tres jueces revise esa decisión que había sido tomada por un solo juez.[17]

El Art. 4.002(a) de la Ley de la Judicatura de Puerto Rico de 1994,[18] hace viable ese fin, al disponer que el Tribunal de Circuito de Apelaciones podrá conocer, mediante un recurso de apelación, de toda sentencia final dictada en casos originados en el Tribunal de Primera

---

[15] 4 L.P.R.A. sec. 22 *et seq.*

[16] *Srio. del Trabajo v. Puig Abraham*, 158 D.P.R. 263 (2002); *Hernández v. San Lorenzo Const.*, 153 D.P.R. 405 (2001).

[17] Exposición de Motivos de la Ley Núm. 1 de 28 de julio de 1994, Leyes de Puerto Rico, pág. 2802.

[18] 4 L.P.R.A. sec. 22k(a).

Instancia. En *Soc. de Gananciales v. García Robles*, 142 D.P.R. 241, 252 (1997), expresamos que "la apelación impone al tribunal apelativo la obligación de atender y resolver en los méritos, de forma fundamentada, el recurso presentado". Su función principal es revisar la corrección de los procedimientos ante el Tribunal de Primera Instancia y determinar si ese foro fundamentó su determinación en una interpretación correcta del derecho.[19] Así, pues, a diferencia de los recursos de naturaleza discrecional, una vez cumplidos los requisitos que confieren jurisdicción al tribunal apelativo y los demás que permiten su adecuada dilucidación, la apelación impone a ese foro la obligación de atender y resolver en los méritos, de forma fundamentada, las controversias que se plantean en el recurso.[20]

La Regla 52.1 de Procedimiento Civil[21] dispone que el procedimiento ante el Tribunal de Circuito de Apelaciones al atender y disponer de un recurso de apelación se tramitará "de acuerdo con la ley aplicable, estas reglas y las reglas que adopte el Tribunal Supremo de Puerto Rico". De acuerdo con la Regla 53.1(b) de Procedimiento Civil,[22] el recurso de apelación se formalizará presentándolo en la secretaría de la sede del Tribunal de Primera Instancia que dictó la sentencia apelada o en la secretaría del Tribunal de Circuito de Apelaciones.[23] Ese escrito, según prescribe la Regla 53.1(c) de Procedimiento Civil,[24] se deberá presentar dentro del término *jurisdiccional* de treinta días, contados a partir del archivo en autos de copia de la notificación de la sentencia que dictó el

---

[19] *Depto. de la Familia v. Shrivers Otero*, 145 D.P.R. 351 (1998); *Maldonado Bermúdez v. Maldonado González*, 141 D.P.R. 19 (1996); *Rivera v. E.L.A.*, 140 D.P.R. 168 (1996).

[20] *Soc. de Gananciales v. García Robles*, supra.

[21] 32 L.P.R.A. Ap. III.

[22] 32 L.P.R.A. Ap. III.

[23] Véase, además, Regla 14 del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII–A.

[24] 32 L.P.R.A. Ap. III.

foro primario. De igual modo, la Regla 13 del Reglamento del Tribunal de Circuito de Apelaciones([25]) dispone que la apelación contra una sentencia dictada en un caso civil por el foro sentenciador, se presentará dentro del término *jurisdiccional* de treinta días, contados desde el archivo en autos de copia de la notificación de la sentencia apelada.

La Regla 53.1(l) de Procedimiento Civil([26]) dispone que el Tribunal de Circuito de Apelaciones, a solicitud de parte o por iniciativa propia, *podrá desestimar un recurso de apelación presentado ante sí, por no haber sido perfeccionado de acuerdo con la ley y las reglas aplicables.* Esta norma responde al deber que tienen las partes, impuesto tanto por la Regla 54.4(b)(1) a (5) de Procedimiento Civil([27]) como por la Regla 16(D)(1)(a) a (e) del Reglamento del Tribunal de Circuito de Apelaciones,([28]) de incluir en todo recurso de apelación un apéndice que cuente con una serie de documentos identificados en esas reglas. Como el término para la presentación del recurso de apelación es jurisdiccional, el apéndice del recurso se debe presentar de manera completa y correcta dentro del término. En su defecto, el recurso no se habrá perfeccionado y el foro intermedio apelativo carecerá de jurisdicción para entrar en los méritos del caso.([29]) Las referidas reglas detallan objetivamente aquellos documentos considerados esenciales, de los cuales el apéndice debe contener copia junto con el escrito de apelación. Específicamente, la Regla 54.4(b)(1) a (5), *supra*, cuya regla análoga en el Reglamento del Tribunal de Circuito de Apelaciones es la Regla 16(D)(1)(a) a (e), *supra*, exige que en el apéndice del recurso se incluya lo siguiente:

(1) La demanda y la contestación;

---

([25]) 4 L.P.R.A. Ap. XXII–A.

([26]) 32 L.P.R.A. Ap. III.

([27]) 32 L.P.R.A. Ap. III.

([28]) 4 L.P.R.A. Ap. XXII–A.

([29]) *Cruz Castro v. Ortiz Montalvo*, 154 D.P.R. 47 (2001); *Mfrs. H. Leasing v. Carib. Tubular Corp.*, supra.

(2) la sentencia de la cual se apela o la resolución u orden de la cual se recurre;

(3) toda resolución u orden, y toda moción o escrito de cualquiera de las partes en los cuales esté discutido expresamente cualquier asunto planteado en el escrito de apelación o *certiorari*, o que sean relevantes a éste;

(4) toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para apelar o presentar la solicitud de *certiorari*;

(5) *cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Circuito de Apelaciones en su resolución de la controversia.* (Énfasis suplido.)

Ahora bien, en el caso ante nos el Tribunal de Circuito de Apelaciones desestimó el recurso de apelación presentado, al concluir que *la prueba documental presentada y admitida en el foro sentenciador formaba parte de los documentos que contenía el expediente original en ese foro y que eran necesarios para resolver la controversia planteada.* Por tal razón, concluyó que eran documentos esenciales requeridos por la Regla 16(D)(1)(a) a (e) de su Reglamento, *supra,* para ser incluidos en el apéndice del recurso dentro del término jurisdiccional. No le asiste la razón. Veamos.

■ La Regla 54.4(b)(1) a (5) de Procedimiento Civil, *supra,* y la Regla 16(D)(1)(a) a (e) del Reglamento aludido, *supra,* no hacen referencia directa y objetiva a que la parte apelante esté obligada a incluir en el apéndice que acompañe al escrito de apelación ante el Tribunal de Circuito de Apelaciones *toda la prueba documental presentada y admitida en el foro sentenciador.* En múltiples ocasiones hemos expresado cuáles documentos son considerados como esenciales para el perfeccionamiento de los recursos de apelación. Nunca hemos considerado como un requisito jurisdiccional incluir toda la prueba documental que admitió el foro primario en evidencia durante la vista en su fondo en el apéndice del recurso de apelación presentado ante el Tribunal de Circuito de Apelaciones. Reiteradamente hemos señalado que un documento esencial es aquel que permite

determinar la jurisdicción del foro apelativo y que coloca al tribunal en posición de resolver los méritos del recurso.[30]

■ En *Codesi, Inc. v. Mun. de Canóvanas*, supra, pág. 588, este Tribunal expresó que el Reglamento del Tribunal de Circuito de Apelaciones "visualiza el apéndice como la recopilación documental (copia literal) de los escritos acumulados durante el trámite en el Tribunal de Primera Instancia, esto es una copia sustitutiva de los autos originales". En esa ocasión, una mayoría de este Tribunal reconoció como deficiencias sustanciales[31] —que conllevarían la desestimación del recurso por craso incumplimiento con el reglamento— *omitir el volante de la notificación del archivo en autos de la sentencia dictada por el foro de instancia y no incluir copia de las alegaciones de las partes.*

En *Córdova v. Larín*, 151 D.P.R. 192 (2000),[32] determinamos que erró el Tribunal de Circuito de Apelaciones al permitir que los demandados completaran tardíamente el apéndice de su petición de *certiorari*. Al considerar disposiciones reglamentarias análogas a las del caso de autos, determinamos que ciertos documentos eran esenciales para la recta solución de las controversias planteadas: *los utilizados para apoyar una moción de desestimación o sentencia sumaria; moción para solicitar la descalificación de representación legal y sus apéndices; moción para reiterar la solicitud de descalificación del abogado de los recurridos; copia de la demanda enmendada; copia de la moción para suplementar la moción de desestimación o sentencia sumaria presentada por los recurridos; las copias de las dos órdenes emitidas por*

---

[30] *Cruz Castro v. Ortiz Montalvo*, supra; *Córdova v. Larín*, 151 D.P.R. 192 (2000); *Maldonado v. Pichardo*, 104 D.P.R. 778 (1976).

[31] En el referido caso, el entonces Juez Asociado Señor Negrón García emitió la opinión del Tribunal. La Jueza Asociada Señora Naveira de Rodón emitió la opinión disidente, a la cual se unió el Juez Presidente Señor Andréu García. El Juez Asociado Señor Fuster Berlingeri disintió sin opinión escrita.

[32] El entonces Juez Asociado Señor Negrón García emitió la opinión del Tribunal. La Jueza Asociada Señora Naveira de Rodón emitió la opinión disidente, a la cual se unió el Juez Presidente Señor Andréu García. El Juez Asociado Señor Fuster Berlingeri no intervino.

*el foro primario en torno al asunto medular que estaría di-
lucidando el foro intermedio apelativo, y los volantes de no-
tificación de las órdenes recurridas.*

Sin embargo, en *Román et als. v. Román et als.*, 158
D.P.R. 163 (2002),([33]) una mayoría de este Tribunal *revocó*
una determinación del foro intermedio apelativo que des-
estimó un recurso de apelación ante su consideración, pues
no se incluyeron en el apéndice del recurso copias de los
documentos siguientes: contestación a la demanda; moción
presentada por la parte demandante; memorial de derecho
presentado por la parte demandante; moción de reconside-
ración presentada por el demandado, y solicitud de
intervención. Concluyó este Tribunal que no era necesaria
la inclusión de los referidos documentos en el apéndice del
recurso de apelación, ya que de los demás documentos in-
cluidos originalmente en su apéndice surgían claramente
las controversias planteadas. Allí expresamos que el meca-
nismo procesal de la desestimación de un recurso de ape-
lación debe ser la última alternativa. Determinamos que
cuando el foro intermedio apelativo vaya a desestimar un
recurso de apelación, primeramente debe cerciorarse que
*"el incumplimiento [con el Reglamento del Tribunal de Cir-
cuito de Apelaciones] haya provocado un impedimento real
y meritorio para que el tribunal pueda atender el caso en
los méritos"*. Dicha norma, señaló este Tribunal, cumple el
propósito de conciliar el deber de las partes de dar cumpli-
miento a los reglamentos procesales y el derecho estatuta-
rio de todo ciudadano a que un panel colegiado de tres
jueces revise su caso. Concluyó además esta Curia que,
teniendo este balance en mente, el Tribunal de Circuito de
Apelaciones debe usar medidas intermedias menos drásti-

---

([33]) En este caso se emitió una opinión *per curiam.* El Juez Asociado Señor Co-
rrada Del Río disintió al hacer constar que confirmaría la sentencia emitida por el foro
intermedio apelativo. El Juez Asociado Señor Rivera Pérez disintió sin opinión escrita.

cas dirigidas al trámite y perfeccionamiento diligente de los recursos de apelación.(³⁴)

Finalmente, en *Cruz Castro v. Ortiz Montalvo*, 154 D.P.R. 47 (2001), resolvimos que no se debe desestimar un recurso de apelación por no haberse incluido en el apéndice determinados documentos que habían sido incluidos como *exhibit* en la demanda ante el foro primario, cuando esos documentos no eran necesarios para adjudicar el recurso apelativo y su contenido estaba claramente establecido en la demanda que se incluyó en el apéndice.(³⁵)

■ De la jurisprudencia antes reseñada, surge que este Tribunal no ha exigido que se incluya *en el apéndice de un recurso de apelación presentado ante el Tribunal de Circuito de Apelaciones toda la prueba documental admitida por el foro sentenciador, la cual, en el caso de autos, fue detallada con especificidad en la sentencia que emitiera el Tribunal de Primera Instancia.* Nunca hemos exigido tan onerosa gestión *como requisito jurisdiccional* previo al ejercicio del derecho que provee la Ley de la Judicatura de Puerto Rico de 1994, a que un tribunal apelativo de un mínimo de tres jueces revise compulsoriamente la decisión que tomó el juez sentenciador. El recurso de apelación es el medio por el cual se logra ese fin. Exigir la inclusión de copia de toda la evidencia documental tendría en la práctica el indeseable efecto de menoscabar o hasta destruir el derecho de apelación, toda vez que podría resultar muy costoso y oneroso reproducir toda la prueba documental que admitió el foro sentenciador. Por tal razón, la expresión de este Tribunal en *Codesi, Inc. v. Mun. de Canóva-*

---

(³⁴) Íd.

(³⁵) En este caso, el Juez Asociado Señor Rivera Pérez se inhibió, pues él había sido el juez ponente en la sentencia que emitió el Tribunal de Circuito de Apelaciones en el referido caso. La opinión del Tribunal la emitió el Juez Asociado Señor Fuster Berlingeri. El Juez Asociado Señor Corrada Del Río concurrió con el resultado sin opinión escrita.

*nas*, supra, a los efectos de que el apéndice es la recopilación documental (copia literal) de los escritos acumulados durante el trámite en el Tribunal de Primera Instancia, no debe interpretarse que exige como requisito jurisdiccional la inclusión en esa etapa de *toda* la evidencia documental que obre en el expediente de autos.

Lo dispuesto en la Regla 54.4(b)(5) de Procedimiento Civil, *supra*, y en la Regla 16(D)(1)(e) del Reglamento del Tribunal de Circuito de Apelaciones, *supra*, al requerir que se incluya en el apéndice cualquier otro documento que forme parte del expediente original en el foro sentenciador y que pueda ser útil al Tribunal de Circuito de Apelaciones, no puede tener el alcance de exigir la inclusión de copia de toda la prueba documental en el apéndice como requisito jurisdiccional. Veamos.

*La Regla 77 del Reglamento del Tribunal de Circuito de Apelaciones*[36] *permite a ese foro, motu propio o a solicitud de parte, ordenar la elevación del expediente original,* práctica que debe fomentarse en casos como el presente en aras de una mejor y más cabal adjudicación apelativa. No tiene sentido práctico requerir al apelante la onerosa gestión de incluir copia de toda la prueba documental ofrecida y admitida por el Tribunal de Primera Instancia en el apéndice del recurso de apelación. De hecho, el foro de primera instancia, en su dinámica forense, mantiene en sus autos toda la prueba documental, real, ilustrativa o demostrativa presentada y admitida en el juicio. La prueba admitida, así como la ofrecida y no admitida, deben conservarse en el expediente del Tribunal de Primera Instancia para que el foro apelativo, al elevar los autos, pueda evaluar la naturaleza de cualquier error que se impute al foro de primera instancia.[37]

---

[36] 4 L.P.R.A. Ap. XXII–A.

[37] E. Batista, *El Abogado Defensor Puertorriqueño*, Ed. Situm, 2001, Vol. II, pág. 349 *et seq.*; J.E. Fontanet Maldonado, *Principios y técnicas de la práctica forense*, 2da ed., Jurídica Editores, 2002, pág. 37 *et seq.*

La Regla 16 del Reglamento del Tribunal de Circuito de Apelaciones, *supra*, exhibe su propósito facilitador del derecho estatutario a la apelación. En su inciso (D)(2), esa regla provee para que la parte que interese que el foro apelativo considere evidencia documental, real y demostrativa admitida, *que no sea de fácil reproducción*, solicite a ese foro apelativo su elevación mediante una moción al efecto. La referida disposición reglamentaria atiende efectivamente la dificultad que representa para la parte apelante reproducir toda la prueba documental, real y demostrativa admitida en un juicio.[38] No puede requerírsele al apelante tal gestión. De otra forma, constituiría un disuasivo o hasta un obstáculo para que nuestros ciudadanos no ejerciten el derecho estatutario a la apelación, que les fue concedido por la Ley de la Judicatura de Puerto Rico de 1994. Lógica y razonablemente es forzoso concluir que si la referida regla permite que no se incluya evidencia documental, real y demostrativa admitida, por ser difícil su reproducción, tampoco debe considerarse como un defecto jurisdiccional fatal que cause la desestimación de un recurso de apelación el no incluir como parte de su apéndice la prueba documental, real y demostrativa admitida en evidencia por el Tribunal de Primera Instancia.

Concluimos que la desestimación del recurso de apelación fue errónea, toda vez que no procedía requerir a la parte apelante que incluyera en su apéndice toda la prueba documental admitida por el Tribunal de Primera

---

[38] Lo oneroso que resulta exigir a la parte apelante la reproducción de toda la evidencia admitida, se puede entender claramente si analizamos la naturaleza de la prueba que es susceptible de ser presentada ante el foro primario. Así, pues, tenemos que reconocer que existe evidencia que no podría ser reproducida para su inclusión en un recurso de apelación, por razón de su naturaleza intrínseca. Cierto tipo de evidencia real nunca podría ser reproducida para incluirla en un apéndice, razón por la cual existen normas procesales que proveen un trámite factible —la elevación de los autos originales ante el Tribunal de Primera Instancia— para que el foro intermedio apelativo pueda tener ante sí la evidencia documental o material admitido en el foro primario. Véanse: E. Batista, *op. cit.*; E.L. Chiesa, *Tratado de derecho probatorio: Reglas de Evidencia de Puerto Rico y federales*, República Dominicana, Ed. Corripio, 1998, T. II, pág. 1049 *et seq.*; Fontanet Maldonado, *op. cit.*

Instancia. Resolver lo contrario iría en contra del espíritu del estatuto que concedió a la ciudadanía la apelación como un derecho.

## III

Por todo lo antes expuesto, *procede revocar la sentencia recurrida y devolver este caso al Tribunal de Circuito de Apelaciones para la continuación de los procedimientos.*

*Se dictará sentencia de conformidad.*

Los Jueces Asociados Señores Hernández Denton y Fuster Berlingeri concurrieron sin opinión escrita. El Juez Presidente Señor Andréu García y el Juez Asociado Señor Rebollo López no intervinieron.