*471 RESOLUCIÓN
Examinadas la Moción en Solicitud de Intervención, presentada por la Leda. Evelyn Aimée de Jesús Rodríguez, la Moción en Solicitud de Intervención Conforme a la Regla 21 de Procedimiento Civil de 2011, presentada por los Ledos. Carlos Rivera Justiniano, Carlos Pérez Toro y Juan M. Gaud Pacheco, y la Moción en Solicitud de Intervención, presentada por los licenciados John E. Mudd y John A. Stewart, se provee “no ha lugar” a todas.

Notifíquese inmediatamente por teléfono, correo electrónico o fax y por la vía ordinaria.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado Señor Martínez Torres emitió un voto de conformidad. El Juez Asociado Señor Kolthoff Caraballo disintió. El Juez Asociado Señor Rivera García disintió y emitió la expresión siguiente:
El Juez Asociado Señor Rivera García proveería a las partes hasta las 2:00 p. m. .del viernes, 8 de agosto de 2014 para que subsanen los errores procesales incurridos. En ese particular, la Moción en Solicitud de Intervención, presentada por la Leda. Evelyn Aimée de Jesús Rodríguez, y la Moción en Solicitud de Intervención conforme a la Regla 21 de Procedimiento Civil de 2011, presentada por los Ledos. Carlos Rivera Justiniano, Carlos Pérez Toro y Juan M. Gaud Pachecho, incumplió con el requisito de acompañar la solicitud de intervención con su respectiva demanda. Véase Regla 21.4 de Procedimiento Civil de 2009 (32 LPRAAp. V). Por su parte, la Moción en Solicitud de Intervención, presentada por los Ledos. John E. Mudd y John A. Stewart, no cumple con la Regla 23 del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B (presentar recurso de certificación), ni con las disposiciones de la Ley Núm. 17 de 11 de marzo de 1915, según enmendada, 32 LPRA see. 1477 (presentar aranceles). Corregidos estos errores subsanables, el Tribunal estaría en mejor posición para evaluar los méritos de las solicitudes presentadas. Por ello, entiendo que, cónsono con los fundamentos expuestos por el compañero Juez Asociado Señor Estrella Martínez en su voto particular disidente, no procedía *472 denegar de plano los petitorios ante nuestra consideración.
El Juez Asociado Señor Estrella Martínez emitió un voto particular disidente, al cual se unió el Juez Asociado Señor Feliberti Cintrón.
(.Fdo.) Aida Ileana Oquendo Graulau

Secretaria del Tribunal Supremo

Voto de conformidad emitido por el
Juez Asociado Señor Martínez Torres.
Voto conforme con la Resolución del Tribunal que deniega la intervención en este pleito de los Ledos. John E. Mudd, John A. Stewart, Carlos Rivera Justiniano, Carlos Pérez Toro, Juan M. Gaud Pacheco y Evelyn Aimée de Jesús, ya que incumplieron con diversas normas procesales.
La Regla 21.4 de Procedimiento Civil, 32 LPRAAp. V, establece el proceso para solicitar la intervención en un pleito. Dispone en lo concerniente:
Toda persona que desee intervenir notificará su solicitud de intervención a todas las partes conforme lo dispuesto en la Regla 67 de este apéndice. La solicitud expondrá las razones en que se base y se acompañará de una alegación en que se establezca la reclamación o defensa que motive la intervención. (Enfasis suplido).
De acuerdo con la regla citada, toda parte que interese intervenir como demandante en un pleito debe acompañar su solicitud de intervención con una demanda. El Ledo. Rafael Hernández Colón explica que “[s]e puede intervenir como demandante o como demandado. Si lo que se quiere es intervenir como demandante, entonces la alegación que se acompañaría a la solicitud de intervención sería una demanda, y si se quiere intervenir como demandado, sería una contestación”. R. Hernández Colón, Derecho procesal civil, 5ta ed., San Juan, Lexis-Nexis, 2010, See. 1306, pág. *473 167. De esa manera, la Regla 21.4 de Procedimiento Civil, supra, presume la existencia de dos documentos en el proceso para intervenir en un pleito, a saber, la solicitud de intervención y la demanda que contiene las alegaciones.
Otros tratadistas en la materia coinciden con esa interpretación. Véanse: J.A. Cuevas Segarra, Tratado de derecho procesal civil, 2da ed., San Juan, Pubs. JTS, 2011, T. II, pág. 805 (£i[t]anto la solicitud como la alegación se harán en pliego aparte”); J.A. Echevarría Vargas, Procedimiento civil puertorriqueño, 2010, Colombia, pág. 146 (“[e]stas peticiones deberán estar acompañadas de una alegación en que se establezca la reclamación o defensa que motive la intervención. Esta norma implica que la Solicitud de Intervención debe estar acompañada de la demanda o la contestación a la demanda que se interese integrar al proceso judicial”).
En este caso, los Ledos. Carlos Rivera Justiniano, Carlos Pérez Toro, Juan M. Gaud Pacheco y Evelyn Aimée de Jesús presentaron solicitudes de intervención pero no acompañaron esas peticiones con la demanda que exige la Regla 21.4 de Procedimiento Civil, supra. Sin lugar a dudas, este caso está revestido de un alto interés para la profesión jurídica. Ahora bien, ello no es excusa para hacer caso omiso de las normas procesales aplicables. Todo litigante tiene que cumplir con esas normas. Soto Pino v. Uno Radio Group, 189 DPR 84 (2013).
Por otra parte, los Ledos. John E. Mudd y John A. Stewart solicitaron mediante un escrito que certifiquemos el caso SJ2014CV00145 que pende ante el Tribunal de Primera Instancia, Sala de San Juan. Sin embargo, el documento presentado no cumple con la Regla 23 de nuestro Reglamento, 4 LPRA Ap. XXI-B, que regula las certificaciones intrajurisdiccionales. Además, no canceló los aranceles correspondientes para el recurso de certificación. Ley Núm. 17 de 11 de marzo de 1915, según enmendada, 32 LPRA see. 1477; In re Aprobación Der. Arancelarios R.J., *474 179 DPR 985 (2010). No podemos eximir a un litigante que no es indigente de cumplir con este requisito de ley.
Procede, por lo tanto, denegar las solicitudes que nos atañen. En el caso de los Ledos. John E. Mudd y John A. Stewart, por no cumplir con la Regla 23 de nuestro Reglamento, supra (presentar recurso de certificación), y la Ley Núm. 17, supra, In re Aprobación Der. Arancelarios R.J., supra, (presentar aranceles); en el caso de los Ledos. Carlos Rivera Justiniano, Carlos Pérez Toro, Juan M. Gaud Pacheco y Evelyn Aimée de Jesús Rodríguez, por incumplir con los requisitos de la Regla 21.4 de Procedimiento Civil, supra (no presentaron demanda).
El acceso a la justicia no significa que un litigante puede plantear cualquier cosa en un tribunal cuando le plazca. Alvarado Pacheco y otros v. ELA, 188 DPR 594, 619 (2013). Es lamentable que la disidencia utilice la frase gastada de “acceso a la justicia” cada vez que este Tribunal toma una decisión que no le gusta en materia procesal. Como mencioné, todo litigante tiene que cumplir con las normas procesales aplicables. Aquellos que litigan por derecho propio no están exentos de esto. Regla 9.4 de Procedimiento Civil, 32 LPRAAp. V. No queda al arbitrio de los abogados decidir las disposiciones reglamentarias que se deben cumplir y cuándo las acatarán. Pellot v. Avon, 160 DPR 125, 138 (2003); Matos v. Metropolitan Marble Corp., 104 DPR 122, 125 (1975). Como la Resolución que antecede hace valer las reglas procesales aplicables, estoy conforme con ella.