per curiam:
Gerardo García Ramis fue designado como albacea en el testamento otorgado por Jorge Serrallés Porrata-Doria. Tras la muerte de este último, García Ramis acudió en septiembre de 2004 ante el Tribunal de Primera Instancia, Sala Superior de Bayamón, para solicitar la expedición de las cartas testamentarias que acreditasen su autoridad como albacea testamentario. Luego de los trámites de rigor, el tribunal expidió las cartas a favor de García Ramis.
Posteriormente, éste solicitó una prórroga para cumplir con sus encomiendas como albacea, la cual fue concedida. Días después de la concesión de la prórroga, los hermanos Juan y Jorge Serrallés Ramis, herederos del difunto Serrallés Porrata-Doria, comparecieron ante el tribunal de instancia para solicitar la destitución de García Ramis como albacea y la concesión de daños, por alegadas actuaciones ilegales de éste.
Luego de varios trámites, incluyendo la celebración de una vista, el tribunal de instancia emitió una resolución el 23 de febrero de 2006 mediante la cual declaró “no ha lugar” la solicitud de destitución de albacea presentada por los Serrallés Ramis. Éstos solicitaron la reconsideración de dicho dictamen, la que fue declarada “no ha lugar” mediante una orden notificada el 31 de mayo de 2006.
El 12 de julio de 2006, esto es, doce días después de haberse vencido el término para recurrir ante el Tribunal de Apelaciones del dictamen del tribunal de instancia, los hermanos Serrallés Ramis acudieron ante el tribunal apelativo intermedio mediante un recurso de apelación y solicitaron su revisión, sin exponer en su recurso las razones para justificar la dilación en su presentación.
*252 Luego de varios trámites, el Tribunal de Apelaciones acogió el recurso de apelación de los Serrallés Ramis como un recurso de certiorari, a pesar de reconocer que éste se había presentado fuera de término. El tribunal apelativo intermedio trató de justificar su jurisdicción a través de dos fundamentos: (1) que el recurso de los Serrallés Ramis había sido presentado pocos días después de haberse vencido el término de estricto cumplimiento correspondiente al recurso de certiorari, y (2) que la determinación del tribunal de instancia lo que hacía era perpetuar una situación que no procedía en derecho. Expedido el recurso, el foro apelativo intermedio revocó la resolución recurrida y dio por concluida las funciones de albacea del peticionario.
Insatisfecho, García Ramis acudió —mediante un recurso de apelación— ante este Tribunal para alegar que procede revocar la sentencia emitida por el foro apelativo intermedio debido a que dicho foro incidió
... al acoger el recurso radicado luego de haber expirado el término de cumplimiento estricto de treinta (30) días, sin que los apelados solicitaran prórroga para su radicación tardía ni justificaran la tardanza en el escrito sometido. Apelación, pág. 5.
Acogido el recurso presentado como un certiorari, el 8 de diciembre de 2006 le concedimos a la parte recurrida el término de treinta días para mostrar causa por la cual este Tribunal no debía expedir el auto y dictar una sentencia revocatoria de la emitida en este caso por el Tribunal de Apelaciones. Habiendo comparecido dicha parte y estando en posición de resolver el recurso presentado, procedemos a así hacerlo.
I
Corresponde resolver si el Tribunal de Apelaciones actuó correctamente al expedir el recurso presentado ante su consideración, a pesar de que fue presentado tardíamente y sin que mediara justificación para dicha tardanza.
*253 Reiteradamente, este Tribunal ha expresado que las normas sobre el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. Arriaga v. F.S.E., 145 D.P.R. 122 (1998). La Regla 53.1(e)(1) de Procedimiento Civil, 32 L.P.R.A. Ap. III, establece:
El recurso de certiorari para revisar cualquier resolución u orden del Tribunal de Primera Instancia se formalizará presentando una solicitud dentro de los treinta (30) días siguientes a la fecha de notificación de la resolución u orden recurrida. El término aquí dispuesto es de cumplimiento estricto, prorrogable sólo cuando mediaren circunstancias especiales debidamente sustentadas en la solicitud de certiorari. (Enfasis suplido.)
Existe, naturalmente, una diferencia entre un requisito de cumplimiento estricto y un requisito jurisdiccional. Cuando el término dispuesto para la presentación de un recurso es de cumplimiento estricto, no es mandatoria la desestimación automática cuando éste es presentado fuera de término, sino que el tribunal tiene la discreción para permitir un cumplimiento tardío. No obstante, el tribunal apelativo no puede prorrogar automáticamente un término de cumplimiento estricto. Su discreción está limitada a supuestos en los que exista efectivamente una justa causa para la presentación tardía del recurso, y la parte que lo presenta exponga detalladamente las razones para la dilación. Lugo v. Suárez, 165 D.P.R. 729 (2005).
Los tribunales pueden eximir a una parte del requisito de observar fielmente un término de cumplimiento estricto, “si están presentes dos (2) condiciones: (1) que en efecto exista justa causa para la dilación; (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación; es decir, que la parte interesada acredite de manera adecuada la justa causa aludida”. Rojas v. Axtmayer Ent., Inc., 150 D.P.R. 560, 565 (2000). Véase, además, Arriaga v. F.S.E., ante.
En ausencia de justa causa el tribunal no tiene la *254 discreción para prorrogar un término y, en consecuencia, expedir el recurso. “[N]o es con vaguedades!,] excusas o planteamientos estereotipados que se cumple con el requisito de justa causa, sino con explicaciones concretas y particulares, debidamente evidenciadas, que le permitan al tribunal concluir que la tardanza o demora ocurrió razonablemente, por circunstancias especiales.” Rojas v. Axtmayer Ent., Inc., ante.
II
En este caso, como hemos señalado, los recurridos presentaron tardíamente un recurso de apelación ante el Tribunal de Apelaciones sin justificar su tardanza. Dicho foro lo acogió como un certiorari y lo expidió. Si bien se trata de un término de cumplimiento estricto, y no jurisdiccional, el tribunal apelativo intermedio no podía considerarlo sin que se le hubiesen acreditado las razones para la dilación en su presentación. Dicha actuación errónea no se justifica con el fundamento de que el Tribunal de Primera Instancia había incurrido en un error de derecho.
Es norma reiterada que los tribunales deben ser celosos guardianes de su jurisdicción y el foro judicial no tiene discreción para asumir jurisdicción allí donde no la hay. Martínez v. Junta de Planificación, 109 D.P.R. 839, 842 (1969). Véase además, Pellot v. Avon, Inc., 160 D.P.R. 125 (2003).
III
Por los fundamentos antes expuestos, procede dictar sentencia revocatoria de la emitida por el Tribunal de Apelaciones en este caso y devolver el caso al foro de instancia para la continuación de los procedimientos en conformidad con lo aquí expuesto y resuelto.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Rivera Pérez no interviene.