| | | |
|---|---|---|
| ESTADO LIBRE ASOCIADO DE PUERTO RICO<br>TRIBUNAL DE APELACIONES<br>PANEL I | | |
| MD DISTRIBUTORS CORP.<br><br>Demandante-Apelado<br><br>V.<br><br>MICROSURGICAL TECHNOLOGY INC.;<br>DAVID BRENES MALDONADO;<br>ASEGURADORA ABC,<br>FIADORA XYZ; FULANO DE TAL; JOHN DOE<br><br>Demandados-Apelantes | KLAN202300298 | *Apelación*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan |
| | | Civil Núm.:<br>SJ2022CV03318 (907) |
| | | SOBRE:<br>Incumplimiento de Contrato;<br>Injunction (Entredicho Provisional, Injunction Preliminar y Permanente) Bajo Ley de Contratos de Distribución |

Panel integrado por su presidente el Juez Sánchez Ramos, el Juez Rivera Torres y el Juez Salgado Schwarz.

Salgado Schwarz, Carlos G., Juez Ponente.

# SENTENCIA

En San Juan, Puerto Rico, a 28 de abril de 2023.

Comparece ante nos el Sr. David Brenes Maldonado (señor Brenes Maldonado o Apelante) y mediante el recurso de apelación de epígrafe nos solicita que revoquemos una *Sentencia* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario) el 10 de marzo de 2023. Por medio del referido dictamen, el TPI dispuso de manera sumaria del pleito ante su consideración y determinó que el señor Brenes Maldonado debía responder por la reclamación instada en su contra.

Por los fundamentos que exponemos a continuación, *desestimamos* el presente recurso de apelación por incumplirse con los requisitos dispuestos por el

Número Identificador

SEN2023_____

Reglamento de este Tribunal de Apelaciones para el perfeccionamiento del mismo.

**-I-**

El 10 de abril de 2023, el señor Brenes Maldonado presentó un recurso de apelación ante este foro judicial. De igual forma, ese mismo día, presentó una *Moción en Solicitud de Autorización*, mediante la cual nos peticionó que le permitiéramos radicar el apéndice de su recurso en formato digital con posterioridad, debido al alto volumen de documentos que contenía este. A tales efectos, el 12 de abril de 2023, emitimos una *Resolución* declarando *Ha Lugar* la petición del señor Brenes Maldonado y concediéndole hasta el **lunes, 17 de abril de 2023** para cumplir con lo solicitado.

Por su parte, el 14 de abril de 2023, la co-demandada Microsurgical Technology, Inc. (MST) compareció ante esta Curia y presentó una *Moción de Desestimación de Apelación*. En su escrito, solicitó la desestimación del presente recurso, debido a que el Apelante incumplió con el requisito reglamentario de notificar la cubierta o la primera página de su escrito a la Secretaría del foro primario dentro del término de setenta y dos (72) horas que dispone la Regla 14(B) de nuestro Reglamento, *infra*. Sobre el particular, argumentó que no fue hasta el 14 de abril de 2023 – entiéndase, cuatro (4) días luego de haberse presentado el recurso de apelación – que el señor Brenes Maldonado notificó al foro primario, sin haber esbozado razón alguna que justificara la dilación en el cumplimiento de su deber.

Así las cosas, el 18 de abril de 2023, procedimos a emitir una *Resolución* concediéndole al señor Brenes Maldonado hasta el **lunes, 24 de abril de 2023,** para que mostrara causa por la cual no debíamos conceder la petición de MST y desestimar su apelación por razón de haberse incumplido con el Reglamento de este foro judicial.

No obstante, a la fecha de emitida esta decisión, el señor Brenes Maldonado no ha comparecido ante este Tribunal para justificar su incumplimiento con nuestro Reglamento o cumplir con los requisitos necesarios para lograr el perfeccionamiento de su recurso.

-II-

El Tribunal Supremo de Puerto Rico ha resuelto que los reglamentos que disponen sobre la forma y presentación de los recursos ante los foros apelativos deben observarse rigurosamente.[1] El propósito de estas normas reglamentarias es facilitar el proceso de revisión apelativa y colocar al tribunal en posición de decidir correctamente los casos.[2] No obstante, nuestro Máximo Foro ha rechazado la interpretación y la aplicación restrictiva de todo requisito reglamentario cuando ello derrote el interés de que los casos se vean en sus méritos.[3]

Sin embargo, lo anterior no implica que una parte posee una licencia para soslayar de manera injustificada

---

[1] *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011); *Pueblo v. Rivera Toro*, 173 DPR 137, 145 (2008); *Lugo v. Suárez*, 165 DPR 729, 737 (2005); *Pellot v. Avon*, 160 DPR 125, 134-135 (2003); *Febles v. Romar*, 159 DPR 714, 722 (2003); *Córdova v. Larín*, 151 DPR 192, 195 (2000); *Arriaga v. FSE*, 145 DPR 122, 129-130 (1998).
[2] *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013).
[3] *García Morales v. Mercado Rosario*, 190 DPR 632 (2014); *Pérez Soto v. Cantera Pérez, Inc.*, 188 DPR 98 (2013); *Pueblo v. Santana Vélez*, 168 DPR 30 (2006).

el cumplimiento con nuestro Reglamento.[4] Así pues, las partes tienen el deber de observar fielmente las disposiciones reglamentarias establecidas por nuestro ordenamiento para la forma y presentación de sus peticiones. Su cumplimiento, bajo ningún concepto, queda al arbitrio de los comparecientes. Esta norma es de tal envergadura que, de no observarse las reglas referentes al perfeccionamiento de los recursos, el derecho procesal apelativo autoriza la desestimación de estos casos.[5]

La Regla 14(B) del Reglamento de este Tribunal de Apelaciones gobierna todo lo relacionado a la manera en que se debe presentar una apelación civil ante esta Curia. En lo relativo a la notificación al TPI sobre la presentación de estos recursos, la citada regla dispone que:

> (B) De presentarse el original del recurso de apelación en la Secretaría del Tribunal de Apelaciones junto con el arancel correspondiente, **la parte apelante deberá notificar la cubierta o primera página del escrito de apelación debidamente sellada con la fecha y hora de presentación, a la Secretaría de la sede del Tribunal de Primera Instancia que haya dictado la sentencia apelada, dentro de las <u>setenta y dos (72) horas</u> siguientes a la presentación del escrito de apelación. Este término será de <u>cumplimiento estricto</u>**. (Énfasis nuestro).[6]

Para que un Tribunal pueda prorrogar un término de cumplimiento estricto es necesario que la parte justifique su incumplimiento por haber mediado justa causa. De no acreditarse justa causa, el Tribunal no

---

[4] *Arriaga v. FSE*, *supra*.
[5] *Hernández Maldonado v. Taco Maker*, *supra*; *Pueblo v. Rivera Toro*, *supra*; *Lugo v. Suárez, supra*; *Pellot v. Avon*, *supra*; *Febles v. Romar*, *supra*; *Córdova v. Larín*, *supra*; *Arriaga v. FSE*, *supra*.
[6] 4 LPRA Ap. XXII-B R. 14 (B).

tiene discreción para prorrogar el término en cuestión.[7]

Así pues, un Tribunal puede eximir del requisito de:

> [O]bservar fielmente un término de cumplimiento estricto si están presentes dos (2) condiciones: (1) que en efecto exista justa causa para la dilación **(2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación** […]

> [L]os tribunales, antes de decretar la severa sanción de la desestimación del recurso, deben concederle a la parte que así lo asevera y reclama una oportunidad razonable de demostrar o evidenciar la justa causa requerida. (Énfasis nuestro).[8]

En *Soto Pino v. Uno Radio Group*, el Tribunal Supremo reiteró la importancia del cumplimiento con la notificación al Tribunal de Primera Instancia de la cubierta o primera página del escrito dentro del término de cumplimiento estricto, conforme lo dispuesto por la Regla 14(B) del Reglamento del Tribunal de Apelaciones.[9] En esa ocasión, nuestro más Alto Foro elaboró sobre la obligación del apelante, recurrente o peticionario de acreditar con razones válidas cualquier desviación de dicha regla. En particular, expresó que "[l]a parte que actúa tardíamente debe hacer constar las circunstancias específicas que ameriten reconocerse como justa causa para prorrogar un término de cumplimiento estricto".[10] Si la parte no acredita dichas circunstancias, un tribunal no tiene discreción para prorrogar el término y, por tanto, no puede considerar el recurso.[11] No bastan meras vaguedades, excusas genéricas sin detalles, ni planteamientos estereotipados para satisfacer este requisito de mostrar justa causa.[12] "[S]in justa causa

---

[7] *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000).
[8] *Id.*, pág. 565.
[9] *Soto Pino v. Uno Radio Group*, *supra*.
[10] *Id.*, pág. 92.
[11] *Id.*
[12] *Id.*, pág. 93.

el incumplimiento con un término de cumplimiento estricto no se puede 'subsanar'".[13]

Por otra parte, debemos destacar que, en cuanto al contenido de los recursos de apelación, la Regla 16(E) de nuestro Reglamento establece que estos deben incluir un Apéndice, el cual contendrá los siguientes documentos:

(E) Apéndice

(1) **El escrito de apelación**, salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, **incluirá un Apéndice que contendrá una copia literal de**:

(a) las alegaciones de las partes, a saber, la demanda principal, las demandas de coparte o de tercero y la reconvención, y sus respectivas contestaciones;

(b) la sentencia del Tribunal de Primera Instancia cuya revisión se solicita y la notificación del archivo en autos de copia de la misma;

(c) toda moción debidamente timbrada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el escrito de apelación y la notificación del archivo en autos de copia de la resolución u orden;

(d) toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en las cuales se discuta expresamente cualquier asunto planteado en el escrito de apelación, o que sean relevantes a éste;

(e) cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda serle útil al Tribunal de Apelaciones para resolver la controversia. […] (Enfasis nuestro).[14]

**-III-**

---

[13] *Id.*, pág. 96.
[14] 4 LPRA Ap. XXII-B R. 16 (E).

En este caso, el recurso de apelación ante nuestra consideración fue presentado el 10 de abril de 2023. Conforme a la Regla 14(B) de nuestro Reglamento, *supra*, el señor Brenes Maldonado contaba con setenta y dos (72) horas a partir de dicho momento para notificar la cubierta o la primera página de su escrito - debidamente sellada con la fecha de presentación - a la Secretaría del TPI que emitió el dictamen impugnado. Dicho término reglamentario vencía el 13 del mismo mes. Sin embargo, el Apelante notificó al foro primario la presentación de su petición el día 14, cuando ya habían transcurrido veinticuatro (24) horas de expirado el plazo que este tenía a su haber.

Así las cosas, correspondía al Apelante justificarnos su incumplimiento con el término para notificar la presentación de su recurso al foro primario, de manera que estuviésemos en posición de eximirle del cumplimiento estricto de este requisito reglamentario. Sin embargo, al día de hoy, el señor Brenes Maldonado ha omitido cumplir con lo anterior, aun cuando este Tribunal – de conformidad con la normativa jurídica dispuesta por nuestro Tribunal Supremo – le extendió un término para así hacerlo. De igual forma, el Apelante tampoco ha presentado el apéndice de su escrito, el cual debía remitirnos en o antes del 17 de abril de 2023, de acuerdo con la prórroga que se le fue extendida por esta Curia. Por lo cual, debido a la falta de diligencia del señor Brenes Maldonado en lograr el perfeccionamiento de su apelación, nos vemos forzados a ordenar la desestimación de la misma.

**-IV-**

Por los fundamentos previamente expuestos *desestimamos* el presente recurso de apelación, por incumplirse con los requisitos dispuestos por el Reglamento de este Tribunal de Apelaciones para su perfeccionamiento.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*