Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| BANCO POPULAR DE PUERTO RICO  Apelado  v.  DAIL RODRÍGUEZ PÉREZ  Apelante | KLAN202400182 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón  Caso número: BY2019CV06452  Sobre: Cobro de Dinero y Ejecución de Garantías |
|---|---|---|

Panel integrado por su presidente, el juez Bermúdez Torres, la juez Aldebol Mora y el juez Bonilla Ortiz.[1]

Aldebol Mora, Juez Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 8 de abril de 2024.

Comparece ante nos la parte apelante, Dail Rodríguez Pérez, y solicita que revisemos la *Sentencia* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 8 de enero de 2024. Mediante el referido dictamen, el foro primario declaró Ha Lugar la *Moción de Desestimación de Reconvención por Falta de Jurisdicción* y la *Moción de Sentencia Sumaria* promovidas por la parte apelada, Banco Popular de Puerto Rico. En su consecuencia, el foro *a quo* declaró Ha Lugar la acción sobre cobro de dinero y ejecución de garantías incoada por la parte apelada y desestimó con perjuicio la reconvención instada por la parte apelante.

Posteriormente, la parte apelada presentó ante nos una *Moción de Desestimación de Recurso de Apelación*.

Por los fundamentos que expondremos a continuación, se declara Ha Lugar la solicitud de desestimación presentada por la parte apelada y, en su consecuencia, se desestima el presente recurso por falta de jurisdicción.

---

[1] Mediante Orden Administrativa OATA-2024-040 de 5 de abril de 2024, se designó al Hon. Fernando J. Bonilla Ortiz para entender y votar en el caso de epígrafe, en sustitución del Hon. Nery E. Adames Soto, quien se inhibió en el mismo.

Número Identificador

SEN2024 _____

**I**

El 1 de noviembre de 2019, el Banco Popular de Puerto Rico (Banco Popular o apelado) incoó una *Demanda* sobre cobro de dinero y ejecución de garantías en contra de Dail Rodríguez Pérez (Rodríguez Pérez o apelante).[2] Por su parte, el 20 de febrero de 2020, Rodríguez Pérez presentó su alegación responsiva y reconvino.[3]

Luego de varias incidencias procesales, el 12 de mayo de 2020, el Banco Popular sometió una *Moción de Desestimación de Reconvención por Falta de Jurisdicción*.[4] Posteriormente, el 27 de junio de 2023, la misma parte instó *Moción de Sentencia Sumaria*.[5] En desacuerdo, el 21 de agosto de 2023, Rodríguez Pérez se opuso mediante una *Moción de Oposición a "Moción Solicitando Sentencia Sumaria"*.[6]

Evaluadas las posturas de las partes, 8 de enero de 2024, el Tribunal de Primera Instancia emitió y notificó la *Sentencia* que nos ocupa.[7] Mediante el referido dictamen, el foro primario declaró Ha Lugar la *Moción de Desestimación de Reconvención por Falta de Jurisdicción* y la *Moción de Sentencia Sumaria* promovidas por el Banco Popular. En su consecuencia, el foro *a quo* declaró Ha Lugar la acción sobre cobro de dinero y ejecución de garantías incoada por el Banco Popular y desestimó con perjuicio la reconvención instada por Rodríguez Pérez.

Inconforme con dicha determinación, el 26 de febrero de 2024, la parte apelante compareció ante esta Curia mediante el recurso de epígrafe y levantó los siguientes señalamientos de error:

> Erró el Tribunal de [Primera] Instancia al dictar sentencia en el presente caso sumariamente.
>
> Erró el Tribunal de Primera Instancia [al] negarse a formular las determinaciones de hecho y conclusiones de derecho solicitadas.

---

[2] Apéndice del recurso, págs. 1-2.
[3] Íd., págs. 31-37.
[4] Entrada Núm. 22 del Caso Núm. BY2019CV06452 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[5] Apéndice del recurso, págs. 39-51.
[6] Íd., págs. 58-68.
[7] Íd., págs. 69-115.

Posteriormente, el 14 de marzo de 2024, la parte apelada presentó una *Moción de Desestimación de Recurso de Apelación*. En síntesis, alegó que la parte apelante incumplió con nuestra *Resolución* del 28 de febrero de 2024, toda vez que no había evidenciado la notificación del recurso, particularmente la notificación de la portada del recurso al Tribunal de Primera Instancia, conforme exigía nuestro ordenamiento jurídico. Especificó que, en el expediente electrónico del foro de origen (SUMAC), no surgía radicación alguna del apelante a los fines de dar cumplimiento a la Regla 14(B) del Reglamento del Tribunal de Apelaciones, 4 LPRA XXII-B, R. 14(B). Arguyó que, ante el incumplimiento craso de la parte apelante con los requisitos de cumplimiento estricto de la citada regla y la total inexistencia de justa causa para ello, procedía la desestimación del recurso, ya que el mismo no se perfeccionó dentro del término aplicable.

En cumplimiento con nuestra *Resolución* del 18 de marzo de 2024, la parte apelante presentó una *Moción sobre Mostrar Causa* el 1 de abril de 2024. En esencia, planteó que, por error o inadvertencia, archivó en su expediente electrónico el escrito correspondiente dirigido al foro de instancia sin la debida notificación, faltando así al contenido de nuestro Reglamento. Según adujo, la falta de notificación obedeció a un error humano que no debía repercutir en su derecho a que el recurso fuera evaluado y adjudicado por este Foro intermedio. En virtud de ello, solicitó que aceptáramos sus indulgencias y diéramos por cumplida la notificación de la portada debidamente ponchada al foro *a quo*, lo cual acreditó.

Al día siguiente, la parte apelada instó una *Moción para Reiterar Desestimación de Recurso por Falta de Jurisdicción*. Sostuvo que la parte apelante no mostró justa causa para su incumplimiento, el cual admitió. Argumentó que un mero error o inadvertencia no constituía justa causa, según requería la doctrina aplicable. En vista de lo anterior, reiteró su solicitud de desestimación por falta de jurisdicción.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

## A

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *R&B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales de Puerto Rico*, 2024 TSPR 24, resuelto el 13 de marzo de 2024; *FCPR v. ELA et al.*, 211 DPR 521 (2023); *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384 (2022). Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *R&B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales de Puerto Rico*, supra; *Pueblo v. Torres Medina*, 211 DPR 950 (2023).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Allied Mgmt. Group v. Oriental Bank*, supra.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha expresado que los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). Por tanto, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *R&B Power, Inc. v. Junta de*

*Subastas de la Administración de Servicios Generales de Puerto Rico*,
supra; *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014).
A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y
deben ser resueltas con preferencia. *Pueblo v. Ríos Nieves*, supra; *FCPR
v. ELA et al.*, supra.

**B**

Conforme dispone nuestro ordenamiento jurídico, el perfeccionamiento
de un recurso de apelación, en lo relativo a su presentación y notificación, está
regulado por la Regla 14 del Reglamento del Tribunal de Apelaciones, 4 LPRA
Ap. XXII-B, R. 14. Nuestro Tribunal Supremo ha resuelto que estas
disposiciones reglamentarias deben observarse rigurosamente para el
correcto perfeccionamiento de los recursos ante los foros apelativos.
*Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011). El propósito
de estas normas reglamentarias es facilitar el proceso de revisión apelativa y
colocar al tribunal en posición de decidir correctamente los casos. *Soto Pino
v. Uno Radio Group*, 189 DPR 84 (2013). No obstante, nuestro más Alto Foro
ha rechazado la interpretación y la aplicación restrictiva de todo requisito
reglamentario cuando ello derrote el interés de que los casos se vean en sus
méritos. *García Morales v. Mercado Rosario*, 190 DPR 632 (2014); *Pérez Soto
v. Cantera Pérez, Inc. et al.*, 188 DPR 98 (2013); *Pueblo v. Santana Vélez*,
168 DPR 30 (2006).

Ahora bien, ello no implica que las partes poseen una licencia para
soslayar de manera injustificada el cumplimiento con nuestro Reglamento.
*Arriaga v. F.S.E.*, 145 DPR 122 (1998). Así pues, las partes tienen el deber
de observar fielmente las disposiciones reglamentarias establecidas por
nuestro ordenamiento para la forma y presentación de sus peticiones. Su
cumplimiento, bajo ningún concepto, queda al arbitrio de los comparecientes.
Esta norma es de tal envergadura que, de no observarse las reglas referentes
al perfeccionamiento de los recursos, el derecho procesal apelativo autoriza
la desestimación de estos casos. *Hernández Maldonado v. Taco Maker*,

supra; *Pueblo v. Rivera Toro*, 173 DPR 137 (2008); *Lugo v. Suárez*, 165 DPR 729 (2005); *Pellot v. Avon*, 160 DPR 125 (2003)*.

En particular, la Regla 14(B) del Reglamento de Apelaciones, 4 LPRA Ap. XXII-B, R. 14(B), dispone la manera en que se presentará y notificará un recurso de apelación y, en lo pertinente, lee como sigue:

> […]
>
> (B) De presentarse el original del recurso de apelación en la Secretaría del Tribunal de Apelaciones junto con el arancel correspondiente, la parte apelante deberá notificar la cubierta o primera página del escrito de apelación, debidamente sellada con la fecha y hora de presentación, a la Secretaría de la sede del Tribunal de Primera Instancia que haya dictado la sentencia apelada, dentro de las setenta y dos (72) horas siguientes a la presentación del escrito de apelación. Este término será de cumplimiento estricto.
>
> […]

En cuanto a los términos de cumplimiento estricto, nuestro más Alto Foro ha expresado que pueden ser prorrogados por los tribunales. Para prorrogar un término de cumplimiento estricto, se requiere que la parte que solicita la prórroga, o que actúa fuera de término, presente justa causa por la cual no puede cumplir con el término establecido. *Soto Pino v. Uno Radio Group*, supra; *Cruz Parrilla v. Depto. Vivienda*, 184 DPR 393 (2012). Ello, a diferencia de los llamados términos jurisdiccionales, cuyo incumplimiento impide la revisión judicial por privar de jurisdicción a los foros apelativos. *Íd.* En *Soto Pino v. Uno Radio Group*, supra, el Tribunal Supremo de Puerto Rico reiteró que la acreditación de justa causa se hace con explicaciones concretas y particulares –debidamente evidenciadas en el escrito– que le permitan al tribunal concluir que hubo una excusa razonable para la tardanza o la demora. Dicho Foro particularizó que las vaguedades y las excusas o los planteamientos estereotipados no cumplen con el requisito de justa causa. *Íd.*; *Febles v. Romar*, 159 DPR 714, 720 (2003). En ese sentido, para que un tribunal pueda eximir a una parte del requisito de observar fielmente un término de cumplimiento estricto, deben estar presentes las siguientes condiciones: (1) que en efecto exista justa causa para la dilación; y (2) que la parte le demuestre detalladamente al tribunal

las bases razonables que tiene para la dilación; es decir, que la parte interesada acredite de manera adecuada la justa causa aludida. *Arriaga v. F.S.E*, supra, pág. 132.

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

Sabido es que los tribunales deben ser celosos guardianes de su jurisdicción y que no poseen discreción para asumirla donde no la tienen. *Allied Mgmt. Group v. Oriental Bank*, supra. Por consiguiente, los asuntos relacionados a la jurisdicción de un tribunal son privilegiados y deben atenderse con primicia. *Íd*. Cónsono con lo anterior, por tratarse de un asunto de índole jurisdiccional, procedemos a evaluar si la parte apelante cumplió con su deber de notificar el recurso de epígrafe al Tribunal de Primera Instancia dentro del término aplicable. Veamos.

En el caso de autos, el recurso de apelación ante nuestra consideración fue presentado el 26 de febrero de 2024. Conforme dispone la precitada Regla 14(B) de nuestro Reglamento, *supra*, la parte apelante contaba con setenta y dos (72) horas, a partir de dicho momento, para notificar la cubierta o primera página de su recurso, debidamente sellada con la fecha de presentación ante este Foro, a la Secretaría del Tribunal de Primera Instancia que emitió el dictamen impugnado. Sin embargo, la parte apelante admitió que incumplió con la notificación oportuna al foro primario de la presentación de su petición ante esta Curia. Acreditó que realizó la notificación correspondiente el 1 de abril de 2024. Si bien es cierto que el término que provee la Regla 14(B) del Reglamento de este Foro, *supra*, es de cumplimiento estricto, colegimos que la razón del incumplimiento brindada por el apelante –que tal inobservancia se debió a un error humano o inadvertencia–, no constituye justa causa. Ante ello, y en ausencia de justa causa, resulta forzoso concluir que carecemos de jurisdicción para atender y ejercer nuestra función revisora en el caso de autos.

En vista de lo anterior, ante la notificación tardía del recurso al Tribunal de Primera Instancia, sin justa causa, resulta forzoso desestimar el recurso de epígrafe por falta de jurisdicción.

**IV**

Por los fundamentos que anteceden, declaramos Ha Lugar la solicitud de desestimación presentada por la parte apelada y, en su consecuencia, desestimamos el presente recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones