Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| PUEBLO DE PUERTO RICO<br>Recurrido<br><br>v.<br><br>ÁNGEL D. PADILLA GARCÍA<br>Peticionario | KLCE202400784 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Ponce<br><br>Caso núm.: JIS201460031<br><br>Sobre: Reglas 192 y 192.1 de Procedimiento Criminal |

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Salgado Schwarz y el juez Monge Gómez

**Figueroa Cabán, Juez Ponente**

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 22 de agosto de 2024.

Comparece el señor Ángel D. Padilla García, por derecho propio, en adelante el señor Padilla o el peticionario, mediante *Moción al Amparo de las Reglas 192 y 192.1 de Procedimiento Criminal*. Parece solicitar que se enmiende una sentencia dictada por el Tribunal de Primera Instancia, Sala de Ponce, en adelante TPI.

Conforme la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, este Tribunal puede "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos … [ello] con el propósito de lograr su más justo y eficiente despacho…".[1] En consideración a lo anterior, eximimos a la parte recurrida de presentar su alegato en oposición.

Por los fundamentos que expondremos a continuación, se desestima el recurso por incumplir con las

---

[1] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5).

Número Identificador
RES2024_____

disposiciones de la Regla 83 (B) (3) y (C) del Reglamento del Tribunal de Apelaciones.[2]

**-I-**

En su escrito, el señor Padilla afirma que la sentencia en su contra es producto de "pliegos acusatorios fatalmente defectuosos". Alega que conforme a la Regla 192 de Procedimiento Criminal y a la doctrina del debido proceso de ley, puede solicitar un nuevo juicio "bajo el supuesto de que se ha descubierto nuevas [*sic*.] pruebas [*sic*.], la cual, de haber sido presentada en el juicio, probablemente habría cambiado el veredicto o fallo…". También, declara que debido a que "ha mantenido una conducta intachable… [u]na vez considerada la rehabilitación del peticionario, este entiende que es merecedor de una sentencia favorable". Así pues, solicita a este foro que declare ha lugar su petición, a los efectos de que se enmiende la sentencia dictada por el TPI.

Sin embargo, en su escrito, el señor Padilla no incluye ningún documento que obre en el expediente, que permita a este tribunal identificar la existencia de una controversia justificiable. Tampoco formula un señalamiento de error, y aunque en su escrito hace referencia a la Regla 192.1 de las de Procedimiento Criminal,[3] no argumenta tener derecho a ser puesto en libertad bajo alguno de sus fundamentos. En cambio, se limita a solicitar, conclusoriamente, que se dicte una nueva sentencia.

---

[2] 4 LPRA Ap. XXII-B, R. 83 (B)(3) y (C).
[3] 34 LPRA, Ap. II, R. 192.1.

La situación se agrava si tomamos en consideración que, con su escrito, el señor Padilla no incluye ningún documento pertinente que obre en los autos, que nos permita ejercer nuestra función revisora.

En fin, no estamos ante un recurso revisable.[4]

-II-

A.

La Regla 83 (B) y (C) del Reglamento del Tribunal de Apelaciones dispone:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> […]
>
> (3) que no se ha presentado o proseguido con diligencia o de buena fe;
>
> […]
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.[5]

B.

Es norma reiterada que las partes, incluso los que comparecen por derecho propio, tienen el deber de observar fielmente las disposiciones reglamentarias establecidas por nuestro ordenamiento para la forma y presentación de los recursos. Por tanto, su cumplimiento no queda al arbitrio de las partes. Por tal razón, de no observarse las reglas referentes a su perfeccionamiento, el derecho procesal apelativo autoriza la desestimación del recurso.[6]

---

[4] Todo parece indicar que el señor Padilla presentó la moción en virtud de la Regla 192.1, por primera vez, ante este foro intermedio y no en la sede del TPI que dictó la sentencia, lo que torna muy dudosa nuestra facultad para atender el recurso de epígrafe. *Pueblo v. Román Mártir*, 169 DPR 809 (2007).

[5] 4 LPRA Ap. XXII-B, R. 83 (B)(3) y (C).

[6] 4 LPRA Ap. XXII-B, R. 83 (B)(3). Véase, además, *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011); *Pueblo v. Rivera Toro*, 173 DPR 137, 145 (2008); *Lugo v. Suárez*, 165 DPR 729, 737 (2005); *Pellot v. Avon*, 160 DPR 125, 134-135 (2003); *Febles v. Romar*, 159 DPR 714,

**-III-**

Como expusimos previamente, el Reglamento del Tribunal de Apelaciones dispone que dicho foro podrá, *motu proprio*, en cualquier momento, desestimar un recurso porque no se haya perfeccionado conforme a la ley y a las reglas aplicables.[7] Por ende, desestimamos el escrito del peticionario por, precisamente, incumplir con la Regla 83 (B) (3) y (C) del Reglamento del Tribunal de Apelaciones.

**-IV-**

Por los fundamentos antes expuestos, se desestima el escrito presentado por el señor Ángel D. Padilla García por incumplir con las disposiciones de la Regla 83 (B) (3) y (C) del Reglamento del Tribunal de Apelaciones.

Notifíquese al Secretario del Departamento de Corrección y Rehabilitación. El Administrador de Corrección deberá entregar copia de esta *Resolución* al confinado, en cualquier institución donde este se encuentre. Notifíquese, además, a la Procuradora General.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

722 (2003); *Córdova v. Larín*, 151 DPR 192, 195 (2000); *Arriaga v. F.S.E.*, 145 DPR 122, 129-130 (1998).
[7] Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (C).