Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| ROBERT CRUZ PABÓN, ET ALS. Recurridos v. AIXA MANGUAL GONZÁLEZ Peticionaria | KLCE202401037 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Municipal de San Juan Caso núm.: CAL284-2024-2880, SJL284-2024-4553 Sobre: Ley Núm. 284-1999, Ley Contra el Acecho en Puerto Rico, según enmendada por la Ley Núm. 44-2016 |
|---|---|---|

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez

**Figueroa Cabán**, **Juez Ponente**

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de septiembre de 2024.

Comparece, *pro se*, la señora Aixa Mangual González, en adelante la señora Mangual o la peticionaria, quien solicita que revisemos varias órdenes de protección emitidas en su contra, el 26 de agosto de 2024, por el Tribual de Primera Instancia, Sala de San Juan, en adelante TPI.

Conforme la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, este Tribunal puede "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos … [ello] con el propósito de lograr su más justo y eficiente

Número Identificador
RES2024_____

despacho…".[1] En consideración a lo anterior, eximimos a la parte recurrida de presentar su alegato en oposición.

Por los fundamentos que expondremos a continuación, se desestima el recurso de *certiorari* por incumplimiento craso del Reglamento del Tribunal de Apelaciones.

-I-

En el contexto de un pleito sobre la *Ley Contra el Asecho en Puerto Rico*, conocida como la Ley Núm. 284-1999, la peticionaria solicitó al TPI que emitiera una orden de protección a su favor debido al "acoso vecinal" de los recurridos.[2]

Luego de celebrar la vista final y evaluar la totalidad de la prueba presentada, el TPI ordenó el archivo del caso contra los recurridos por no haber encontrado probados los elementos para expedir el remedio solicitado.[3] En cambio, expidió dos órdenes de protección a favor de los recurridos y en contra de la señora Mangual.[4]

En desacuerdo, la peticionaria comparece ante nos mediante un *Recurso de Certiorari Civil*.

Luego de revisar el escrito de la señora Mangual y los documentos que obran en autos, estamos en posición de resolver.

-II-

Es norma reiterada que las partes, incluso los que comparecen por derecho propio, tienen el deber de observar fielmente las disposiciones reglamentarias que regulan la forma y presentación de los recursos. Así pues, su cumplimiento no queda al arbitrio de las partes

---

[1] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).
[2] Apéndice de la peticionaria, Índice 5.
[3] *Id.*, Índice 3.
[4] *Id.*, Índices 1 y 2. Véase, además, Índice 6.

y, en consecuencia, de no observarse las reglas referentes a su perfeccionamiento, el derecho procesal apelativo autoriza la desestimación del recurso.[5]

Cónsono con lo anterior, el Reglamento del Tribunal de Apelaciones dispone que dicho foro podrá, *motu proprio*, en cualquier momento, desestimar un recurso porque no se haya perfeccionado conforme a la ley y a las reglas aplicables.[6]

**-III-**

El escrito de la peticionaria incumple crasamente con el Reglamento del Tribunal de Apelaciones. Esto es así, porque el documento no contiene una relación fiel y concisa de los hechos procesales y materiales del caso; tampoco señala los errores que, a su juicio, cometió el TPI; ni discute los mismos, incluyendo las disposiciones de ley y la jurisprudencia aplicable; tampoco incluye las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.[7]

Como si lo anterior fuera poco, no consta del escrito que se haya notificado a las partes conforme dispone la Regla 33(b) del Reglamento del Tribunal de Apelaciones, *supra*, ni que se haya presentado la justa causa para el incumplimiento con dicho término de cumplimiento estricto.

A esto hay que añadir, que, aunque el alegato está repleto de aseveraciones dirigidas a impugnar la apreciación de la prueba del foro recurrido, no presentó

---

[5] 4 LPRA Ap. XXII-B, R. 83 (B)(3). Véase, además, *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011); *Pueblo v. Rivera Toro*, 173 DPR 137, 145 (2008); *Lugo v. Suárez*, 165 DPR 729, 737 (2005); *Pellot v. Avon*, 160 DPR 125, 134-135 (2003); *Febles v. Romar*, 159 DPR 714, 722 (2003); *Córdova v. Larín*, 151 DPR 192, 195 (2000); *Arriaga v. FSE*, 145 DPR 122, 129-130 (1998).
[6] Regla 83(B)(3) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. R.83 (B) y (C).
[7] 4 LPRA Ap. XXII-B. R.34 (C)(1)(b-f).

ningún medio de reproducción de la prueba oral que nos permitiera evaluar dicha aquilatación.[8]

En fin, el escrito de la señora Mangual no constituye un recurso revisable bajo nuestro ordenamiento procesal vigente.

**-IV-**

Por los fundamentos previamente expuestos, se desestima el recurso de la señora Mangual por no haber proseguido con diligencia.[9]

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[8] *Hernández Maldonado v. Taco Maker*, *supra*, pág. 289.
[9] 4 LPRA Ap. XXII-B, R. 83 (B)(3) y (C).