ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| MARITZA ORTIZ SÁNCHEZ<br><br>Recurrente<br><br>V.<br><br>DEPARTAMENTO DE LA FAMILIA<br><br>Recurrido | KLRA202400612 | Revisión procedente del Departamento de la Familia<br><br>Caso Núm: XXX XX 8196<br><br>Sobre: Inelegible |
|---|---|---|

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Salgado Schwarz y el juez Monge Gómez

**Figueroa Cabán**, **Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 8 de noviembre de 2024.

Comparece *in forma pauperis*, la señora Maritza Ortiz Sánchez, en adelante la señora Ortiz o la recurrente, quien solicita que revisemos la *Resolución* emitida por la Junta Adjudicativa del Departamento de la Familia, en adelante el Departamento de la Familia o el recurrido. Mediante la misma, el recurrido determinó que la señora Ortiz no es elegible para recibir los beneficios del Programa LIHEAP.

Conforme la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, este Tribunal puede "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos … [ello] con el propósito de lograr su más justo y eficiente despacho…".[1] En consideración a lo anterior, eximimos a la parte recurrida de presentar su alegato en oposición.

---

[1] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

Número Identificador

SEN2024_____

Por los fundamentos que expondremos a continuación, se desestima el recurso por incumplimiento del Reglamento del Tribunal de Apelaciones.

**-I-**

En el contexto de un pleito sobre una solicitud de beneficios del Programa LIHEAP de la Administración de Desarrollo Socioeconómico de la Familia, la señora Ortiz solicitó subsidios para el pago del servicio eléctrico.

Luego de celebrar la vista adjudicativa y de evaluar la totalidad de la prueba presentada, el recurrido rechazó la solicitud de la señora Ortiz porque conforme a las Guías Federales de Pobreza para Puerto Rico-LIHEAP el ingreso bruto mensual de la recurrente "excede el ingreso medio estatal".

En desacuerdo, la recurrente comparece ante nos mediante un recurso de apelación.

Luego de revisar el escrito de la señora Ortiz y los documentos que obran en autos, estamos en posición de resolver.

**-II-**

**A.**

Es norma reiterada que las partes, incluso los que comparecen por derecho propio, tienen el deber de observar fielmente las disposiciones reglamentarias que regulan la forma y presentación de los recursos. Así pues, su cumplimiento no queda al arbitrio de las partes y, en consecuencia, de no observarse las reglas

referentes a su perfeccionamiento, el derecho procesal apelativo autoriza la desestimación del recurso.[2]

Cónsono con lo anterior, el Reglamento del Tribunal de Apelaciones dispone que dicho foro podrá, *motu proprio*, en cualquier momento, desestimar un recurso porque no se haya perfeccionado conforme a la ley y a las reglas aplicables.[3]

**B.**

Por otro lado, la Regla 83 (B)(1)(3) así como su inciso (C) del Reglamento del Tribunal de Apelaciones dispone:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
>> (1) que el Tribunal de Apelaciones carece de jurisdicción;
>>
>> …
>>
>> (3) que no se ha presentado o proseguido con diligencia o de buena fe;
>>
>> . . . . . . . .
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.[4]

**-III-**

El escrito de la recurrente incumple crasamente con el Reglamento del Tribunal de Apelaciones. Esto es así, porque el documento no contiene una relación fiel y concisa de los hechos procesales y materiales del

---

[2] 4 LPRA Ap. XXII-B, R. 83 (B)(3). Véase, además, *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011); *Pueblo v. Rivera Toro*, 173 DPR 137, 145 (2008); *Lugo v. Suárez*, 165 DPR 729, 737 (2005); *Pellot v. Avon*, 160 DPR 125, 134-135 (2003); *Febles v. Romar*, 159 DPR 714, 722 (2003); *Córdova v. Larín*, 151 DPR 192, 195 (2000); *Arriaga v. FSE*, 145 DPR 122, 129-130 (1998).
[3] Regla 83(B)(3) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.
[4] 4 LPRA Ap. XXII-B, R. 83 (B) y (C).

caso; tampoco señala los errores que, a su juicio, cometió el TPI; no discute los mismos, incluyendo las disposiciones de ley y la jurisprudencia aplicable; del mismo modo no contiene las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.[5]

Como si lo anterior fuera poco, el escrito no incluye la alegación de la parte ante el Departamento de la Familia.[6] Además, no consta que se haya notificado conforme a la Regla 58(B)(1) del Reglamento del Tribunal de Apelaciones, *supra*, ni que se haya expuesto la justa causa para el incumplimiento con dicho término de cumplimiento estricto.

Finalmente, no se incluyen los aranceles correspondientes, ni en la alternativa la *Solicitud y Declaración para que se Exima de Pago de Arancel por Razón de Indigencia*[7] o una declaración jurada en la cual se expongan los hechos que demuestren su incapacidad para pagar los derechos y las costas o para prestar garantía por estos.[8]

Estos defectos son suficientes para privarnos de jurisdicción para atender la petición de revisión judicial de la recurrente.[9]

En fin, el escrito de la señora Ortiz no constituye un recurso revisable bajo nuestro ordenamiento procesal vigente.

---

[5] 4 LPRA Ap. XXII-B. R. 59 (C)(1).
[6] 4 LPRA Ap. XXII-B. R. 59 (E)(1)(a).
[7] Formulario OAT-1480.
[8] 4 LPRA Ap. XXII-B. R. 78.
[9] *Soto Pino v. Uno Radio Group*, 189 DPR 84 (2013); *M-Care Compounding et al v. Depto. de Salud*, 186 DPR 159 (2012).

**-IV-**

Por los fundamentos previamente expuestos, se desestima el recurso de la señora Ortiz por no haberse proseguido con diligencia.[10]

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís


Secretaria del Tribunal de Apelaciones

---

[10] 4 LPRA Ap. XXII-B, R. 83 (B)(3) y (C).