ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>JOSÉ O. PÉREZ FELICIANO<br><br>Peticionario | KLCE202401288 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Núm.<br>D VI2019G0015 y otros<br><br>Sobre:<br>Art. 95 CP<br>y otros |

Panel integrado por su presidente el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 17 de enero de 2025.

I.

El 25 de noviembre de 2024, el Sr. José O. Pérez Feliciano, quien cumple sentencia por violación al Art. 95 del Código Penal de Puerto Rico de 2012,[1] y lo artículos 5.04 y 5.15 de la Ley de Armas,[2] bajo custodia en el Departamento de Corrección y Rehabilitación (DCR), acudió ante nos mediante recurso de *Certiorari* por derecho propio. A través de su escrito informa que, el 1 de octubre de 2024, solicitó al Tribunal de Primera Instancia la celebración de una vista de atenuantes al amparo de la Ley 246 de 26 de diciembre de 2014, con el propósito de evaluar la aplicación del principio de favorabilidad con relación a la pena más benigna sobre los delitos por los que cumple sentencia. El 21 de octubre de 2024, el Tribunal de Primera Instancia dictó *Resolución,* declarando No Ha Lugar su moción.

---

[1] 33 LPRA § 5144.
[2] 25 LPRA § 458c; *Id.* § 458n (derogada 2019).

Número Identificador

RES2025_____

Inconforme, el 20 de noviembre de 2024, Pérez Feliciano acudió ante nos.[3] Plantea, que tras habérsele sentenciado el 10 de febrero de 2022 por delitos cometidos bajo el Código Penal le asiste el derecho a ser escuchado en una vista de atenuantes al amparo de la Ley 246-2014. Entiende que se le debe brindar la oportunidad de evidenciar al Tribunal si su sentencia debe ser reducida hasta un 25%." Examinemos la validez de sus planteamientos.[4]

II.

A.

El principio de favorabilidad[5] codificado por el Art. 4 del Código Penal,[6] establece que, si una ley penal es aprobada con posterioridad a la comisión de unos hechos delictivos, y sus efectos resultan en un tratamiento más favorable para un acusado, ésta debe aplicarse de forma retroactiva, de modo que el acusado disfrute de sus beneficios.[7] Dispone:

> La ley penal aplicable es la vigente al momento de la comisión de los hechos.
>
> La ley penal tiene efecto retroactivo en lo que favorezca a la persona imputada de delito. En consecuencia, se aplican las siguientes normas:

---

[3] El recurso cuenta con el matasellos del Tribunal de Apelaciones con fecha del 25 de noviembre de 2024. No obstante, conforme a nuestro Reglamento y según resuelto en *Alamo Romero* v. *Adm. Corrección*, 175 DPR 314, 323 (2009) entendemos que el recurso fue presentado en la fecha de entrega a la institución carcelaria. ("En los casos de revisión judicial de decisiones administrativas de la Administración de Corrección en procedimientos disciplinarios instados por reclusos por derecho propio, se entenderá que el recurso fue presentado en la fecha de entrega a la institución carcelaria. Esta autoridad será responsable, a su vez, de tramitar el envío del recurso al foro correspondiente").

[4] Aun cuando el *Certiorari* incumple con nuestro Reglamento,[4] hemos evaluado en los méritos su planteamiento sobre la celebración de la vista de atenuantes previamente solicitada a tenor de la aplicación del principio de favorabilidad y el Art. 67 del Código Penal de 2012, conforme a las enmiendas de la Ley Núm. 246-2014. Como sabemos, el derecho procesal apelativo autoriza la desestimación de un recurso si la parte promovente incumple las reglas referentes al perfeccionamiento del mismo. *Arriaga* v. *FSE*, 145 DPR 122, 129-132 (1998). No puede quedar al arbitrio de los abogados o las partes –cuando estas comparecen por derecho propio–, decidir cuándo y cómo cumplen con las disposiciones reglamentarias y legales, ya que están obligados a cumplir fielmente con lo dispuesto en éstas sobre el trámite a seguir para el perfeccionamiento de un recurso. *Hernández Maldonado* v. *Taco Maker*, 181 DPR 281, 290 (2011); *Febles* v. *Romar*, 159 DPR 714, 722 (2003). Las disposiciones reglamentarias sobre los recursos a presentarse ante este Tribunal de Apelaciones deben observarse rigurosamente. *Hernández Maldonado* v. *The Taco Maker*, supra; *Lugo* v. *Suárez*, 165 DPR 729 (2005); *Pellot* v. *Avon*, 160 DPR 125 (2003). Nuestro Tribunal Supremo advirtió en *Febles* v. *Román,* que "el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales".

[5] *Pueblo* v. *González*, 165 DPR 675, 684 (2005).

[6] 33 LPRA § 5004.

[7] *Pueblo* v. *Hernandez*, 186 DPR 656, 673 (2012).

> (a) Si la ley vigente al tiempo de cometerse el delito es distinta de la que exista al procesar al imputado o al imponerle la sentencia, se aplicará siempre la ley más benigna.
>
> . . . .
>
> En estos casos los efectos de la nueva ley o de la decisión judicial operarán de pleno derecho.

Conforme al texto del Art. 4 del Código Penal, la ley favorable puede surgir mientras se está procesando al imputado, al momento de imponerle la sentencia o durante el término en que se cumple.[8] Asimismo, los cambios que se aplicarán retroactivamente pueden ser en cuanto a la tipificación del delito, sus atenuantes, las causas de exclusión de responsabilidad, los requisitos de prueba, las penas, así como disposiciones procesales.[9]

Como es sabido, el principio de favorabilidad no tiene rango constitucional, por lo que la aplicación retroactiva de las leyes penales que favorezcan al acusado queda dentro de la prerrogativa total del legislador.[10] En atención a la naturaleza estatutaria del principio de favorabilidad, es permisible restringir su alcance mediante legislación.[11]

La Prof. Dora Nevares Muñiz comenta que el principio de favorabilidad incluido en el Art. 4 del Código Penal de 2012[12] "aplicará a conducta delictiva realizada a partir del 1 de septiembre de 2012 cuando se apruebe una ley que sea más favorable que el Código Penal según vigente al momento de aprobación de la ley posterior con respecto a la situación de la persona".[13] Con la aprobación en el 2012 del nuevo Código Penal, la fijación de las penas, y la consideración de los agravantes y atenuantes se rige por el Art. 67 del Código Penal de 2012[14] que originalmente expresaba:

---

[8] *Id.*

[9] DORA NEVARES-MUÑIZ, CÓDIGO PENAL DE PUERTO RICO 10 (2015).

[10] *Pueblo* v. González, 165 DPR 675, 686 (2005).

[11] *Hernández,* 186 DPR en la pág. 673.

[12] Nevares-Muñiz, *op. cit.,* pág. 10.

[13] Nevares-Muñiz, *op. cit.* pág. 102; *Pueblo* v. *Torres Cruz,* 194 DPR 53 (2015).

[14] 33 LPRA § 5100.

La pena será fijada de conformidad con lo dispuesto en cada artículo de este Código.

El Tribunal podrá tomar en consideración la existencia de circunstancias atenuantes y agravantes dispuestas en los Artículos 65 y 66 de este Código. En este caso, de mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un veinticinco (25) por ciento; de mediar circunstancias atenuantes podrá reducirse hasta en un veinticinco (25) por ciento de la pena fija establecida.

Las circunstancias agravantes o atenuantes que la ley ya haya tenido en cuenta al tipificar el delito, al igual que las que son inherentes al mismo, no serán consideradas en la fijación de la pena.

En el 2014, la referida disposición legal fue enmendada a través del Art. 35 de la Ley Núm. 246-2014, y actualmente el Art. 67 del Código Penal de 2012 establece lo siguiente:

La pena será fijada de conformidad con lo dispuesto en cada Artículo de este Código.

Excepto en delitos cuyo término de reclusión señalado en el tipo sea de noventa y nueve (99) años, el tribunal podrá tomar en consideración la existencia de circunstancias atenuantes y agravantes dispuestas en los Artículos 65 y 66 de este Código. En este caso, de mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un veinticinco (25) por ciento; de mediar circunstancias atenuantes podrá reducirse hasta en un veinticinco (25) por ciento de la pena fija establecida.

Cuando concurran circunstancias agravantes y atenuantes simultáneamente, el tribunal evaluará su peso y determinará si se cancelan entre sí, o si algunos atenuantes o agravantes deben tener mayor peso en el ejercicio de su discreción al sentenciar.

Las circunstancias agravantes o atenuantes que la ley ya haya tenido en cuenta al tipificar el delito, al igual que las que son inherentes al mismo, no serán consideradas en la fijación de la pena.

Las circunstancias agravantes o atenuantes que consisten en la ejecución material del delito o en los medios empleados para realizarlo, sirven únicamente para agravar o atenuar la responsabilidad de quien ha tenido conocimiento de ellas en el momento de realizar o cooperar en el delito.

Las circunstancias agravantes o atenuantes que se refieran al convicto en sus relaciones particulares con la víctima o en otra causa personal, sirven para agravar o atenuar la responsabilidad sólo de aquél en quien concurran.[15]

---

[15] El propósito de la enmienda fue incrementar la discreción a los tribunales mediante criterios y mecanismos que el juez pudiese ejercerla de manera justa. *Exposición de Motivos de la Ley Núm. 246-2014.*

Como sabemos, **tanto los atenuantes como los agravantes, hay que solicitarlos y probarlos previo a la imposición de la pena**.[16] Las Regla 162.4 de Procedimiento Criminal, establece que, "[t]anto el acusado como el fiscal podrán solicitar del tribunal que escuche prueba de circunstancias atenuantes o agravantes a los fines de la imposición de la pena. **Si de las alegaciones sometidas surgiere que existe controversia real sobre un hecho material que requiriere la presentación de prueba, entonces el tribunal celebrará una vista en el más breve plazo posible**".[17] "Del mismo modo, la Regla 171 del mismo cuerpo legal,[18] vislumbra esta opción al disponer que **el tribunal puede, ya sea *motu proprio*,** o a instancia de cualquiera de las partes, **oír**, en el más breve plazo posible, **prueba de circunstancias agravantes o atenuantes para fines de la imposición de la pena"**.[19] De manera que, aun cuando las partes no soliciten la celebración de una vista para la presentación de prueba sobre las circunstancias agravantes y atenuantes, **el Tribunal de Primera Instancia tiene discreción para ordenar la celebración de la vista si existe una controversia real sobre un hecho material que requiera la presentación de prueba**.[20] Es decir:

> [l]a prueba de las circunstancias agravantes puede surgir de la prueba en el juicio o de una vista bajo la Regla 162.4; no pueden surgir meramente del informe presentencia. **La vista solo es necesaria cuando existe controversia sobre la presencia de elementos atenuantes o agravantes**. Todo este esquema sigue vigente sin que haya un obstáculo constitucional, cuando el juicio se celebra por tribunal de Derecho.[21]

---

[16] Véase Exposición de Motivos de la Ley 246-2014 y la Regla 162.4 de Procedimiento Criminal, 34 LPRA Ap. II, R. 162.4; *Pueblo* v. *Santana Vélez*, 177 DPR 61 (2009).

[17] 34 LPRA Ap. II, R. 162.4 (énfasis nuestro).

[18] 34 LPRA Ap. II, R.171.

[19] *Pueblo* v. *Pagán Rojas*, 187 DPR 465, 484 (2012) (énfasis nuestro). Cuando el Tribunal impone una sentencia con agravantes o atenuantes tiene el deber de "explicar verbalmente o por escrito las razones para la imposición de la sentencia". 34 LPRA Ap. II, R. 162. Véase, también *Pueblo* v. *Castro Muniz*, 118 DPR 625, 637 (1987).

[20] *Pueblo* v. *Santiago Acosta*, 121 DPR 727, 743 (1988) (énfasis nuestro).

[21] E.L. Chiesa Aponte, *Derecho procesal penal*, 83 Rev. Jur. UPR 831, 832 (2014) (énfasis nuestro) (escolios internos omitidos).

Para considerar si aplican las disposiciones antes mencionadas a una sentencia ya dictada, es necesario evaluar todos los delitos por los que se acusó, se halló culpable al acusado y se le sentenció. Además, hay que considerar las condiciones en las que se dictó la sentencia y, sobre todo, el modo en que se impusieron las penas. Esto sin descartarse que la imposición de una sentencia, que tome en cuenta esas circunstancias, es un acto **discrecional** del juzgador, que examinamos, no a base de gran deferencia como las cuestiones de hechos o de ninguna deferencia como las cuestiones de derecho. Si no, a base de si el Foro *a quo* se adhirió o se apartó de las guías aplicables a su determinación discrecional.

En ese sentido, el Tribunal Supremo ha definido la discreción judicial como el "poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción" [;] "es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[22] Es decir, tal conclusión debe estar avalada por el convencimiento del juez o la jueza de que la decisión tomada por ellos se sostiene en el estado de derecho aplicable a la cuestión planteada. Ese ejercicio constituye "la razonabilidad" de la sana discreción judicial.[23] Solo intervendremos con las determinaciones discrecionales del tribunal apelado o recurrido cuando este incurra en arbitrariedad o en un craso abuso de discreción.[24]

### III.

En el caso de autos, según hemos reseñado, Pérez Feliciano presentó ante el Tribunal de Primera Instancia moción solicitando

---

[22] Véase *Pueblo* v. *Hernández Villanueva*, 179 DPR 872, 890 (2010); *García* v. *Padró*, 165 DPR 324, 334 (2005); *Pueblo* v. *Ortega Santiago*, 125 DPR 203, 211 (1990).
[23] *Negrón* v. *Srio. de Justicia*, 154 DPR 79, 91 (2001); *Bco. Popular de P.R.* v. *Mun. de Aguadilla*, 144 DPR 651, 658 (1997).
[24] Véase *Pueblo* v. *Rodríguez Santana*, 146 DPR 860, 888-889 (1998).

la celebración de una vista de atenuantes el 1 de octubre de 2024, posterior a la imposición de la pena y a que la *Sentencia* adviniera final y firme. Ciertamente, el ordenamiento exige, que, de ordinario, **los atenuantes como los agravantes se soliciten y prueben antes de la imposición de la pena**.[25] En casos, en que de **las alegaciones surgiera controversia real sobre un hecho material que requiriera la presentación de prueba, entonces el tribunal celebrará una vista en el más breve plazo posible.** Esto sin descartarse que la imposición de una sentencia, que tome en cuenta esas circunstancias, es un acto **discrecional** del juzgador, que examinamos, a base de si el Foro *a quo* se adhirió o se apartó de las guías aplicables a su determinación discrecional.

De otra parte, en cuanto a la reducción de la condena por atenuantes, es imprescindible indicar que la aplicación del Art. 67 del Código Penal[26] no es automática, pues queda a discreción del juez decidir si proceden o no.[27] Esta normativa no fue alterada por la enmienda al Código Penal vigente promulgada por la Asamblea Legislativa de Puerto Rico mediante la Ley Núm. 246-2014. Más importante aún, el momento para aplicar los atenuantes es al momento de dictarse la sentencia y no posteriormente.

IV.

Por los fundamentos expresados, a tenor con la Regla 40 de nuestro Reglamento[28], denegamos la expedición del Auto de *certiorari.*

---

[25] Véase Exposición de Motivos de la Ley 246-2014 y la Regla 162.4 de Procedimiento Criminal, 34 LPRA Ap. II, R. 162.4. Véase, además *Pueblo* v. *Santana Vélez,* 177 DPR 61 (2009).

[26] 33 LPRA § 5100

[27] Véase Regla 162.4 de las de Procedimiento Criminal, 34 LPRA Ap. II R. 162.4; Art. 64 del Código Penal, 33 LPRA § 5097; *Pueblo* v. *Santana Vélez,* 177 DPR 61 (2009).

[28] 4 LPRA Ap. XXII-B R.40.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones