Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| VARGAS QUIÑONES, AMALIA<br><br>PARTE PETICIONARIA<br><br>En interés de:<br><br>IVÁN F. IRIZARRY VARGAS<br>(Persona para quien se solicita la detención temporera)<br><br>EX-PARTE | KLCE202500049 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso núm.: SJL408202414476<br><br>Sobre: Detención temporera de veinticuatro (24) horas<br><br>Art. 4.13 de la Ley Núm. 408-2000, según enmendada, Ley de Salud Mental de Puerto Rico |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez

**Figueroa Cabán**, **Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de enero de 2025.

Comparece el señor Iván F. Irizarry Vargas, en adelante el señor Irizarry o el peticionario, pro se, y parece impugnar la *Orden de Detención Temporera para que la Persona Sea Evaluada por Un (Una) Psiquiatra*. Mediante la misma, el Tribunal de Primera Instancia, Sala de San Juan, en delante TPI, ordenó el ingreso del peticionario a una institución proveedora de servicios de salud mental.

Por los fundamentos que expondremos a continuación, se desestima el recurso por incumplimiento craso del Reglamento del Tribunal de Apelaciones.

**-I-**

En el contexto de una *Petición Temporera de Veinticuatro (24) Horas*, el TPI encontró "base razonable para creer que [el señor Irizarry] requiere de tratamiento inmediato para protegerlo(a) de daño físico a sí, a otros(as) o a la propiedad, y no puede manejar su vida cotidiana, protegerse o cuidarse". Así pues, el foro primario emitió la orden recurrida.

Luego de brindar los tratamientos de salud mental correspondiente, la institución hospitalaria emitió la notificación de alta.

Por su parte, el TPI "ratific[ó] el alta y dict[ó] SENTENCIA mediante la cual orden[ó] el archivo definitivo de este caso".

Insatisfecho con la *Orden de Detención Temporera para que la Persona Sea Evaluada por Un (Una) Psiquiatra*, el peticionario presentó ante nos un *Recurso de Certiorari Civil* junto a una *Solicitud y Declaración para que Se Exima de Pago de Arancel por Razón de Indigencia*.

Revisado el escrito del señor Irizarry y los documentos que obran en autos, estamos en posición de resolver.

**-II-**

Es norma reiterada que las partes, incluso los que comparecen por derecho propio, tienen el deber de observar fielmente las disposiciones reglamentarias que regulan la forma y presentación de los recursos. Así pues, su cumplimiento no queda al arbitrio de las partes y, en consecuencia, de no observarse las reglas

referentes a su perfeccionamiento, el derecho procesal apelativo autoriza la desestimación del recurso.[1]

Cónsono con lo anterior, el Reglamento del Tribunal de Apelaciones dispone que dicho foro podrá, *motu proprio*, en cualquier momento, desestimar un recurso porque no se haya perfeccionado conforme a la ley y a las reglas aplicables.[2]

**-III-**

El escrito del peticionario incumple crasamente con el Reglamento del Tribunal de Apelaciones. Esto es así, porque el documento no contiene una relación fiel y concisa de los hechos procesales y materiales del caso; tampoco señala los errores que, a su juicio, cometió el TPI; ni discute los mismos, incluyendo las disposiciones de ley y la jurisprudencia aplicable; tampoco incluye las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal. Además, no incluye un apéndice que contenga los documentos requeridos por nuestro Reglamento o cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.[3]

En fin, el escrito del señor Irizarry, confuso y en ocasiones incoherente, no constituye un recurso revisable bajo nuestro ordenamiento procesal vigente.

---

[1] 4 LPRA Ap. XXII-B, R. 83 (B)(3). Véase, además, *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011); *Pueblo v. Rivera Toro*, 173 DPR 137, 145 (2008); *Lugo v. Suárez*, 165 DPR 729, 737 (2005); *Pellot v. Avon*, 160 DPR 125, 134-135 (2003); *Febles v. Romar*, 159 DPR 714, 722 (2003); *Córdova v. Larín*, 151 DPR 192, 195 (2000); *Arriaga v. FSE*, 145 DPR 122, 129-130 (1998).
[2] Regla 83(B)(3) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.
[3] 4 LPRA Ap. XXII-B. R.34 (C)(1)(b-f) y (E).

**-IV-**

Por los fundamentos previamente expuestos, se desestima el recurso del peticionario por no haber proseguido con diligencia.

En virtud del resultado alcanzado, no tenemos que atender la *Solicitud y Declaración para que Se Exima de Pago de Arancel por Razón de Indigencia* presentada con el recurso.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones